**Walter L. BRADY, Jr., Plaintiff–Respondent,**

v.

**Deborah M. ANSEHL, et al, Defendants–Appellants.**

No. 56829.

Missouri Court of Appeals, Eastern District, Division Two.

March 20, 1990.

Alan G. Kimbrell, St. Louis, for defendants-appellants.

James L. Sullivan, Jr., Joyce Eileen York, John L. Sullivan, St. Louis, for plaintiff-respondent.

Thomas M. Blumenthal, Andrew F. Wasserman, Clayton, for Mohawk Moving and Storage Co.

PUDLOWSKI, Presiding Judge.

This is an appeal from an order overruling appellant's motion to dismiss, granting respondent Brady's motion for summary judgment, and assessing costs against the Estate of Jeanne Brady. We affirm.

Respondent Brady is the former husband of decedent Jeanne Brady. The marriage of respondent and decedent was dissolved in the City of St. Louis on October 24, 1985. Jeanne Brady died on January 31, 1988. Appellant Deborah Ansehl was appointed the personal representative of decedent's estate on May 18, 1988, in the Probate Division of the St. Louis County Circuit Court.

On July 14, 1988, respondent Brady filed an amended petition in the St. Louis County Circuit Court alleging decedent and he, at the time of dissolution, entered into a separation and settlement agreement providing for the division of their property. He alleged according to this agreement decedent was to select thirteen items of personalty and he was to receive the rest. Decedent made her selections but refused to give respondent possession of his items. He also alleged he was to receive certain other items of personalty which were in decedent's possession but which he never received. Respondent further alleged appellant, as personal representative, had possession of these items. These were being stored at Mohawk Moving and Storage Company (Mohawk). Respondent Brady prayed the court for an order for "recovery of the possession" of said items. On August 24, 1988, in response to this petition Mohawk filed its answer with counter claim for interpleader against Brady and cross-claim for interpleader against appellant.

On September 19, 1988 appellant filed a motion to dismiss on the grounds that Brady's action was in substance a determination of title action and as such fell within the exclusive jurisdiction of the probate division. On October 11, 1988, Mohawk filed its motion to allow interpleader claiming that it was a disinterested stakeholder. On November 10, 1988, Brady then filed a petition to determine title to personalty in the probate division and a claim against the estate, both relating to the property in issue in the circuit court action. Mohawk's motion for interpleader was granted on November 15, 1988. Appellant's motion to dismiss was denied on November 16, 1988.

On December 30, 1988, appellant filed a motion to stay the circuit court proceedings or in the alternative to consolidate this action with the one pending in the probate division. This motion was denied on January 17, 1989.

Appellant then set respondent's claim and determination of title action for hearing. After hearing the evidence the probate division, on March 3, 1989, entered an order directing appellant as personal representative for the Estate of Jeanne Brady, to deliver items of personalty to Brady.

On April 19, 1989, appellant filed a motion to dismiss Brady's action in circuit court and deny Brady's motion for summary judgment on the grounds that a final order had already been entered on the issue on March 3 in the probate division and was therefore res judicata. On May 3, 1989, the St. Louis County Circuit Court heard Brady's motion for summary judgment, Mohawk's motion for attorney's fees arising from interpleader, and appellant Deborah Ansehl's motion to dismiss. The court overruled appellant's motion, granted Brady's motion for summary judgment, awarded Mohawk attorney's fees in the amount of $2,421, and assessed costs against the Estate of Jeanne Brady. The order directed appellant, as personal representative, to deliver to Brady the items listed in the order in the probate division.

Notice of this appeal was timely filed and appellant has since delivered the items pursuant to the order of the probate division.

Appellant raises four points on appeal. The first three points allege, for various reasons, the trial court lacked subject matter jurisdiction to hear and enter a summary judgment in favor of Brady. Since Brady has received the items that were the center of the dispute in the circuit court, and since subject matter jurisdiction, or lack thereof has no bearing on the disposition of appellant's fourth point, we will address that point only in this opinion.

Appellant alleges the trial court erred in entering its order allowing the action to proceed as an interpleader and thereafter awarding Mohawk attorney's fees in the amount of $2,421. She bases this alleged error upon her contention the trial court lacked subject matter jurisdiction to hear the action brought by respondent Brady. She asserts this was a determination of title action and as such fell within the exclusive jurisdiction of the probate division. Lacking the requisite jurisdiction, the trial court was powerless to enter an order granting attorney's fees to Mohawk.

■ We find appellant's bootstrap argument to be unsound in that it is irrelevant whether the circuit court had subject matter jurisdiction over Brady's action. The issue before us is whether the interpleader action brought by Mohawk was proper. If the requirements for interpleader are satisfied "[t]he trial court lacks the power to dismiss the petition for interpleader if the dispute is real and substantial." *General American Life Insurance Company v. Wiest,* 567 S.W.2d 341, 343 (Mo.App.1978). Rule 52.07 and RSMo § 507.060 (1986) provide:

> There are only two vital facts which must appear from the averments of the petition of the party seeking interpleader. [T]hat persons have claims against the party and that those claims are of such nature that the party may be exposed to double liability ... Double liability in this context means exposure to double or multiple recovery for a single liability ... If the party seeking interpleader has satisfied these requirements, then the party has a right to interpleader.

*Id.* at 344.

The decision as to whether interpleader is warranted is a matter within the sound discretion of the trial court. *Id.* In this case the circuit court could hear this interpleader action as long as the requirements for interpleader were met. *See Security–Mutual Bank and Trust Company v. Buder,* 341 S.W.2d 782, 784, 786 (1961).

■ In the case at bar, Mohawk has satisfied both elements to maintain the action for interpleader. Mohawk was requested by both respondent Brady and appellant Deborah Ansehl to deliver to them the property Mohawk was storing. Further, Mohawk was faced with claims for possession of the property in the circuit court as well as the probate division of the circuit court. Mohawk was therefore exposed to the potential of multiple recovery from either Brady, Ansehl or both arising out of the property which was stored. The court, in its discretion, considered Mohawk's request, determined interpleader was warranted, and ordered Brady and Ansehl to interplead their claims.

■ The court also awarded attorney's fees in the sum of $2,421 and ordered An-

sehl as *personal representative* to pay them. Appellant's claim that she was never joined in this lawsuit in her representative capacity is erroneous. While it is true that in Brady's amended petition Deborah Ansehl was named individually, her claim still fails. A claim that an unnamed party is a necessary party is subject to waiver under Rule 55.27. Failure to raise this matter either by way of a motion permitted under Rule 55.27 or by alleging it in a responsive pleading constitutes an effective waiver. *C & M Developers, Inc. v. Berbiglia, Inc. et al.*, 585 S.W.2d 176, 182 (Mo. App.1979); Rule 55.27(g). In this case Deborah Ansehl not only failed to raise this objection at any time prior to this appeal, but actually answered Brady's petition in her "capacity as personal representative of the Estate of Jeanne Brady." Any objection she has to misjoinder has been waived. The court order that she pay the attorney's fees in her capacity as personal representative stands. Also, contrary to appellant's claims, it is irrelevant as to whether the court had jurisdiction over Brady's action because the elements required for interpleader were met by Mohawk. "It is well settled that in a case where interpleader properly lies, the stakeholder is entitled to reasonable attorney's fees as part of his costs." *Northwestern National Insurance Company v. Mildenberger*, 359 S.W.2d 380, 387 (Mo.App.1962). We find no evidence to doubt trial court's determination of fees in this matter.

Judgment affirmed.

CRANDALL and KAROHL, JJ., concur.