**In the Matter of the ESTATE OF William C. GLOVER, Deceased.**

**Rita GLOVER, Appellant,**

v.

**JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Respondent.**

No. 63022.

Missouri Court of Appeals, Eastern District, Division One.

June 15, 1993.

Arthur G. Muegler, Jr., Donald V. Nangle, St. Louis, for appellant.

John P. Emde, Wilbur L. Tomlinson, St. Louis, for respondent.

AHRENS, Presiding Judge.

Appellant, Rita Glover (wife), appeals from an order of the trial court denying her motion to revoke letters of administration issued in the estate of William C. Glover, deceased. We affirm.

William C. Glover (decedent) died intestate in the City of St. Louis on January 25, 1992, survived by wife, two adult sons, and a daughter under the age of eighteen. At the time of his death, decedent carried a $100,000.00 life insurance policy issued by respondent, John Hancock Mutual Life Insurance Company (Hancock), designating wife as beneficiary. On August 28, 1992, Hancock filed an application for appointment of a personal representative for decedent's estate. In the application, Hancock alleged that since it was a "contingent debtor" of the estate, it was an "interested person" entitled to file the application pursuant to § 473.020 RSMo 1986.[1] Hancock alleged it was a "contingent debtor" because it held the proceeds of the policy on decedent's life; wife could be disqualified from receiving them; and if wife were dis-

qualified, decedent's estate would be entitled to payment and would have a claim to the proceeds.

A hearing on Hancock's application was set for September 14, 1992. On that date, wife filed a motion to dismiss asserting that Hancock was not an "interested person" entitled to apply for letters and that neither Hancock nor its representative should be permitted to serve as the personal representative of decedent's estate, since Hancock was "in an adversarial position to the estate and the heirs at law." In her motion, wife stated that (1) although decedent was shot to death, no criminal charges had been filed in connection with his death; (2) decedent was insured under several life insurance policies, including a policy written by Hancock, wherein wife was the named beneficiary; and (3) wife had filed suit against Hancock for breach of contract and conversion for refusing to pay on the policy issued against decedent's life.[2]

The court heard evidence on Hancock's application on September 14, 1992. Both parties appeared through counsel. In support of its application, Hancock presented the testimony of its legal counsel, John Emde, who testified he was advised by the commander of the priority squad and the supervisor of the homicide section of the St. Louis Metropolitan Police Department that wife was a suspect in decedent's death. On September 15, 1992, Hancock filed its answer to wife's federal court petition for breach of contract and conversion, and filed a separate counterclaim and crossclaim for interpleader asserting it was uncertain to whom it should pay the proceeds of decedent's policy.

The court issued its findings of fact and conclusions of law on September 29, 1992, directing decedent's surviving sons to make application for letters of administration if either or both wished to serve as personal representative. The court also concluded wife was not a suitable person to administer the estate because of a possible conflict of interest with respect to the insurance

1. All statutory references are to RSMo 1986 unless otherwise indicated.

2. The record on appeal does not reflect the court's ruling, if any, on wife's motion to dismiss.

proceeds, in that Hancock had received information she was a suspect in decedent's unsolved homicide. Wife filed a motion to vacate or amend the order on October 7, 1992, which the trial court denied on October 9, 1992.

After decedent's sons failed to apply for letters within the time set by the court, the court appointed Mark Ostenfield, Public Administrator, as personal representative of decedent's estate. Wife filed a motion to revoke the letters on October 26, 1992, which the court denied as premature. Letters of administration were issued to Ostenfield on November 4, 1992, and wife refiled her motion to revoke. Wife waived hearing, and the court denied her motion on November 5, 1992.

■ On appeal, wife contends the trial court erred in denying her motion to revoke, because Hancock was not entitled to apply for the appointment of a personal representative. Wife further contends the court lacked subject matter jurisdiction, since no evidence was offered to demonstrate decedent died possessed of any probate assets.[3]

■ Section 473.020.1(3) permits "any interested person" to apply to the court for the appointment of a personal representative when, as here, there is no will. Section 472.010(15) defines "interested persons" as "heirs, devisees, spouses, creditors or any others having a property right or claim against the estate of a decedent being administered and includes children of a protectee who may have a property right or claim against or an interest in the estate of a protectee." Further, the meaning "may vary at different stages and different parts of a proceeding and must be determined according to the particular purpose and matter involved." § 472.010(15). A contingent debtor of an estate is an "interested person" within the meaning of § 472.010(15). *In the Matter of Windholz,* 809

S.W.2d 30 (Mo.App.1991) *(citing In re Dugan,* 309 S.W.2d 137 (Mo.App.1957)).

■ Wife argues Hancock is not a contingent debtor because there are no competing claims to the proceeds of decedent's policy and the case involves no "real present dispute" between Hancock and decedent's heirs. However, the rationale for recognizing a contingent debtor as an "interested person" does not, in our view, necessarily depend upon the existence of those factors. Rather, "the debtor has an interest in knowing that the person ... who may obtain judgment against him [or her] is lawfully entitled to receive such money[,]" so that the debtor may avoid "a position of being required to pay an unauthorized person once and later be required to pay again upon demand or suit of [a] validly appointed administrator." *Windholz,* 809 S.W.2d at 32 (quoting *Dugan,* 309 S.W.2d at 141).

Here, Hancock has an interest in knowing that wife is lawfully entitled to receive the proceeds of decedent's policy. Hancock received reliable information that wife may be disqualified from taking such proceeds. *See In the Matter of McCarty,* 762 S.W.2d 458, 461 (Mo.App.1988) (a person who feloniously and intentionally causes the death of another cannot benefit by reason of that death, and such benefit includes life insurance proceeds). If wife is disqualified from taking, the proceeds would become an asset of decedent's estate. *See Windholz,* 809 S.W.2d at 32. The estate's potential claim to the proceeds is a probate asset, *see id.,* and it was appropriate for Hancock to initiate probate proceedings to obtain the participation of the personal representative of decedent's estate in the interpleader action.

■ Wife contends Hancock produced no competent and substantial evidence that wife was implicated in decedent's death, since the testimony of Hancock's counsel

---

**3.** Wife is entitled to appeal the trial court's order denying revocation of the letters of administration if she is an "interested person aggrieved" thereby. § 472.160.1(9), (13) RSMo 1986. As the surviving spouse of a decedent, wife is an "interested person" as defined in § 472.010(15)

RSMo 1986. Further, we find that wife has a sufficient interest in the effect of the order to be "aggrieved" thereby, although she has not sought to be appointed personal representative of the estate.

was hearsay.[4]  However, testimony of a witness regarding the statement of another is hearsay only when the statement is offered to prove the matters stated therein. *Giessow v. Litz*, 558 S.W.2d 742, 750 (Mo. App.1977).  Here, the fact police told Hancock wife is a suspect is significant without regard to whether wife is in fact suspected of involvement in decedent's death, because the information raises a question concerning wife's lawful entitlement to receive the proceeds at stake.  The testimony is not hearsay and was properly admitted.

In our view, evidence of the potential conflict between wife and decedent's estate is sufficient to trigger Hancock's interest in determining the proper recipient of the proceeds.  Hancock was entitled to apply for appointment of a personal representative pursuant to § 473.020.1(3).  The trial court properly issued letters of administration and did not err in denying wife's motion to revoke.

Judgment affirmed.

REINHARD and CRIST, JJ., concur.

---

**4.** We reject Hancock's argument that wife failed to properly preserve her hearsay objection for our review.