**Werner and Doris SUTER,
Petitioners–Appellants,**

v.

**Donald DALTON, Respondent–
Respondent.**

**No. 62527.**

Missouri Court of Appeals,
Eastern District,
Division Two.

June 29, 1993.

Roussin & Roach, Susan Kreher Roach, Marjorie Carter, Chesterfield, for petitioners-appellants.

Robert S. Caldwell, Louis A. Cohn, Kansas City, for Massachusetts Indemnity and Life Ins. Co.

David Coffman, St. Louis, Joel B. Eisenstein, St. Charles, for Donald Dalton.

CRANDALL, Presiding Judge.

Insurer, Massachusetts Indemnity and Life Insurance Company (MILICO), filed a petition with the circuit court, probate division, as an "interested party" on May 11, 1992, seeking an order to require administration of the estate of Alfred Suter (decedent). *See* § 473.020, RSMo (1986). *See* also, *Matter of Windholz*, 809 S.W.2d 30 (Mo.App.1991). In the petition, MILICO acknowledged its obligation to pay out the res of a life insurance policy on the life of decedent and described itself as a stakeholder facing competing claims.

Decedent's father-in-law, Donald Dalton, and decedent's wife, Lisa Suter, sought dismissal of the petition, contending that there was no estate to administer and thus the probate division was without jurisdiction over the action. Werner and Doris Suter (Suters), the parents of decedent, filed a "Special Entry of Appearance and Response" opposing the motion to dismiss and requesting the administration of decedent's estate so that a determination could be made of whether Suters, as heirs of Alfred Suter, or Dalton, as contingent beneficiary under the insurance policy, was entitled to certain insurance proceeds. The court dismissed the petition after argument. No testimony or other evidence was presented. This appeal follows dismissal of the petition. We reverse and remand.

Alfred Suter died intestate on October 12, 1991, the victim of a homicide. He owned a two hundred thousand dollar ($200,000.00) life insurance policy on his life at the time of his death, issued by MILICO. The policy lists decedent's wife, Lisa Suter, as the primary beneficiary, and Dalton as the contingent beneficiary.

Following the death of decedent, Lisa Suter filed a petition seeking an order from the probate division refusing letters of administration. This order was granted on November 22, 1991. Then, on March 30, 1992, Lisa Suter executed a "Waiver and Release" relinquishing all rights she might have under the insurance policy.

After Suters filed both the notice of appeal from the order dismissing the petition for administration and the record on appeal, Lisa Suter was convicted and sentenced on the charge of murder in the first degree for her complicity in causing decedent's death. Both Dalton and Suters have filed a claim with MILICO for distribution of the insurance proceeds.

■ Because of a legitimate uncertainty of the appropriate party to receive the insurance proceeds, MILICO ultimately was going to seek a resolution of the issue by bringing an interpleader action. *See* Rule 52.07; § 507.060, RSMo (1986). *See also, Ward v. State Farm Life Insurance Co.,* 833 S.W.2d 484, 486–487 (Mo.App.E.D. 1992). In such a proceeding, MILICO could pay the proceeds into court and be removed from the action. The purpose of such a proceeding is to insure that MILICO, as a debtor, pay the money to the party legally entitled to receive it and not be subjected to a later claim because of an unauthorized payment. *See Windholz,* 809 S.W.2d at 32.

■ Suters have no contractual relationship with MILICO. Their right, if any, to the insurance proceeds is as nondisqualified heirs of decedent and therefore through his estate. Thus, MILICO sought to have an estate opened because it believed the personal representative to be a necessary party to an interpleader action. Obviously, if none of the beneficiaries to the insurance contract could take, the proceeds would go to the estate of decedent. Under those circumstances a personal representative would be necessary; a personal representative of an estate exists simply to collect assets, pay properly established claims, and distribute the assets. *State ex rel. Baldwin v. Dandurand,* 785 S.W.2d 547, 550 (Mo. banc 1990) (Blackmar, C.J., concurring).

Dalton filed a motion to dismiss stating as his reason that he had a contractual right to the proceeds of the policy as a contingent beneficiary. He further alleged that Lisa Suter, as primary beneficiary, had waived any right to the proceeds of the policy. Over the objections of MILICO and Suters, and without hearing any evidence, the trial court sustained Dalton's motion. It issued findings of fact and conclusions of law, and in pertinent part, the following order:

> Therefore, the Court concludes that ... Donald Dalton as the named contingent beneficiary is entitled to payment of the death benefits under the policy here in issue. The Court further concludes that since the insurance proceeds are the only alleged assets of decedent's possible estate and in view of the Court's findings, the insurance proceeds are *not* subject to administration, no assets exist and therefore, no administration is required or warranted. Therefore, it is the judgment of this Court that the Motion to Dismiss filed on behalf of Donald Dalton and Lisa Suter is sustained and the Petition to Require Administration is dismissed and denied....

(Emphasis in original).

The underlying issue in this case is who is entitled to the proceeds of decedent's life insurance policy. Clearly, decedent's parents are potential claimants through his estate. MILICO simply wants to pay the money into the court and be discharged. Its petition sought to open an estate and appoint a personal representative to prosecute the claim.

■ The question of who is ultimately entitled to the proceeds of the policy was not before the court however, nor were all the necessary parties. Although strict rules of pleading are not required in probate proceedings, *Robertson v. Estate of Zimmerman,* 778 S.W.2d 805, 808 (Mo. App.1989), the issue must be presented under the pleadings in order for the court to properly make findings of fact and conclusions of law therefrom. *See Monia v. Oberle,* 530 S.W.2d 452, 457 (Mo.App.1975). Here, the issue of who was ultimately entitled to the proceeds of the life insurance policy was not raised by the pleadings and was simply not before the court. Further, the personal representative of the estate of Alfred Suter was a necessary party to any resolution of the competing claims to the proceeds. Dismissal of MILICO's petition prevented joinder of that necessary party.

■ Finally, where a party is subject to competing claims, such that the party may be exposed to multiple recovery for what is actually a single liability, interpleader is the appropriate action. *Brady v. Ansehl,* 787 S.W.2d 823, 825 (Mo.App.1990). A party that has pleaded facts alleging the existence of competing claims that may result

in multiple liability is entitled to maintain an interpleader action. Pursuant to Rule 52.07, persons having claims against the plaintiff shall be joined as defendants and required to interplead. Dismissal of MILICO's petition did nothing to resolve the underlying issue and prevented the prosecution of the appropriate interpleader action.

We construe the language of the court's order relating to Dalton's entitlement to the proceeds of the insurance policy as simply the reason for its dismissal of MILICO's petition, rather than an actual adjudication of an issue in excess of its jurisdiction. We therefore limit our holding to a reversal of the order dismissing MILICO's petition and remand for a proceeding consistent with this opinion. We express no opinion on the merits of the competing claims to be litigated in an interpleader action. In view of our holding we do not address other points raised on appeal.

The order of the trial court is reversed and the cause is remanded.[1]

PUDLOWSKI and GRIMM, JJ., concur.

---

1. Dalton's motion to dismiss and for damages     for frivolous appeal is denied.