In re ESTATE OF Edwin H. FISCHER.

W.B. (Bryce) ANDERSON, Respondent,

v.

Robert FISCHER, Roxann Greenberg, Leslee Levey and Estelle Fischer, Appellants.

No. 66072.

Missouri Court of Appeals, Eastern District, Division Two.

May 2, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 12, 1995.

Application to Transfer Denied July 25, 1995.

Danna, Soraghan, Stockenberg & McNary, P.C., Roger P. Bernhardt, St. Louis, for appellants.

Bryan Cave, Robert M. Lucy, Edward F. Reilly, St. Louis, for respondent.

PUDLOWSKI, Judge.

This is a proceeding for an accounting of nonprobate assets brought by the estate's personal representative on demand of a creditor who held a claim against decedent during his lifetime. Decedent transferred most or all of his assets at death to the trustees of his revocable trust, leaving no assets in his estate. Upon application by creditor, the probate court ordered that the no-asset estate be opened for administration and appointed a personal representative. The court then allowed the personal representative to bring an action for accounting of nonprobate assets under § 461.071 RSMo 1994. The trustees and beneficiaries of the trust appeal the probate court's decision to open administration and to allow the personal representative's action for accounting. We affirm.

Decedent, a Missouri resident, was a director of a corporation. Creditor, a Texas resident, sued the corporation and its Board of Directors in a Texas court during decedent's lifetime. Decedent died in 1993, and creditor substituted the trustees of decedent's revocable trust for the decedent as defendants in the Texas action. Creditor then petitioned the St. Louis County Probate Division to open decedent's estate, in order to have a personal representative appointed. The probate court ordered that the estate be opened and administered, and that a personal representative be appointed. Once the personal representative was appointed, creditor promptly requested him to pursue the beneficiaries of nonprobate transfers *via* an accounting under § 461.071 RSMo 1994. The estate, itself, contained no other assets to satisfy creditor's claim.

The transferees of one nonprobate transfer, the trustees of the revocable trust, appeal the probate court's opening of the estate and its approval of the action for accounting.

We first address the question of the probate court's jurisdiction over a zero-asset estate. The trustees' brief raised this issue only indirectly in the argument section. However, jurisdiction is an issue which may be raised *sua sponte* by this court. *In re*

*Estate of Simmermon,* 601 S.W.2d 691, 693 (Mo.App.1980). The issue is whether the probate court has jurisdiction to open an estate even if the estate has no current assets.

■ The Probate Code requires a res for probate court jurisdiction. Section 473.013 RSMo 1994. However, assets which may pour into an estate have been held sufficient to satisfy this res requirement. *See Suter v. Dalton,* 856 S.W.2d 118 (Mo.App.E.D.1993) (potential life insurance policy proceeds sufficient to require appointment of personal representative of otherwise empty estate); *see also Matter of Estate of Glover,* 854 S.W.2d 850, 852 (Mo.App.E.D.1993) ("estate's potential claim to the proceeds is a probate asset"). We hold that the estate's potential claim to funds from nonprobate transfers in order to satisfy creditors is an adequate res. Furthermore, § 461.076 RSMo 1994 specifically grants jurisdiction to the probate court to hear accountings for nonprobate transfers. Although § 461.076 is silent as to zero-asset estates, this law which is designed to afford a remedy to those holding claims against estates with insufficient assets should be construed to apply also to estates with zero assets. To hold otherwise would encourage the complete decimation of probate estates and give creditors no recourse, which is patently inconsistent with its purpose.

The trustees' first point on appeal does not meet the standards announced in *Thummel v. King,* 570 S.W.2d 679 (Mo. banc 1978). It reads: "I. THE TRIAL COURT ERRED IN REQUIRING ADMINISTRATION WHICH CONTRAVENES PUBLIC POLICY." This point, as briefed, fails to adequately state wherein and why the court erred. Rule 84.04(d). Rule 84.13(c), however, allows us to address plain errors made by a court, even if improperly raised, in order to correct a manifest injustice or miscarriage of justice. We find no plain error in this case.

■ The argument portion of Point I raises the theory that allowing the probate of revocable trusts contravenes the public policy of promoting *inter vivos* transfers. The Nonprobate Transfers Law of Missouri, RSMo Chapter 461, is designed to promote trusts and other nonprobate devices which permit the full control of property during

one's lifetime. Trustees, the beneficiaries of the *inter vivos* transfer, argue that an accounting of their nonprobate property will discourage the future use of trust instruments. We disagree.

While a major purpose of Chapter 461 is to promote *inter vivos* transfers, § 461.071, entitled "Rights of Creditors," makes it clear that the legislature wishes to place reasonable limits on such transfers. A person wishing to use an *inter vivos* device must leave sufficient assets in the probate estate to cover anticipated claims and expenses. Otherwise, the transferees will be subject to an accounting and possible contributions to satisfy the unpaid claims and expenses. This is good and fair public policy. The comment to § 6–107 of the Uniform Probate Code (1983), the model for § 461.071, clearly states that:

> The sections of this Article authorize transfers at death which reduce the estate to which the surviving spouse, *creditors* and minor children normally must look for protection against a decedent's gifts by will. Accordingly, it seemed desirable to provide a remedy to *these classes* of persons.... (emphasis supplied)

The trial court's ruling was entirely in accordance with public policy as set by the legislature, and, therefore, we find no plain error. Point denied.

■ In their second point on appeal, the trustees allege that the trial court erred in requiring administration of the estate because creditor had other legal remedies available to him in Missouri and Texas. However, the doctrine of election of remedies does not apply. "Where two or more concurrent, consistent remedies exist, a party may prosecute one or all until satisfaction is had; however, satisfaction of one constitutes satisfaction of all." *Ins. Co. of N. Am. v. Skyway Aviation*, 828 S.W.2d 888, 893 n. 1 (Mo.App. W.D.1992). Pursuing two remedies at once is not forbidden, so long as no double satisfaction is had. Furthermore, Missouri has a clear interest in enforcing this creditor's rights provision over property located within this state. Point denied.

■ The third point alleges that the probate court, rather than granting letters testamentary, should have granted a spousal refusal of letters or an affidavit for collection of a small estate. The trustees did not request these alternative orders until after they appealed. Therefore, this alleged error was not raised at the proper time. Point denied.

■ In their final point, the trustees allege that the court erred in failing to issue specific findings of fact. However, the trustees never requested specific findings from the court. Furthermore, even if we were to assume the court erred, it would not be reversible error because it neither affects the merits of the action nor interferes with this court's review. *See Jo B. Gardner, Inc. v. Beanland*, 611 S.W.2d 317, 321–22 (Mo.App. 1980). Point denied.

■ In their reply brief, the trustees also raised the argument that contingent claims, as opposed to judgment debts, are insufficient to constitute "claims" under § 461.071.1. Issues raised for the first time in the reply brief are not proper questions for review. *Baugher v. Gates Rubber Co., Inc.*, 863 S.W.2d 905, 907 n. 1 (Mo.App.E.D. 1993). Accordingly, we express no view on this subject.

For the aforementioned reasons, the judgment of the probate court is affirmed.

SMITH, P.J., and WHITE, J., concur.