THE THOMAS MANUFACTURING COMPANY, Respondent, v. BENJAMIN HUFF, Appellant.

**St. Louis Court of Appeals, April 23, 1895.**

1. **Conditional Sales:** VALIDITY AS TO VOLUNTARY ASSIGNEE OF VENDEE. A conditional sale is valid as against the assignee under an assignment for the benefit of creditors executed by the vendee, since such assignee is not a purchaser in good faith within the meaning of the statute invalidating such sales, but stands in the shoes of his assignor.

2. **Trover:** SALE OF PERSONALTY. A person who sells as his own the personal property of another is guilty of the conversion of the property.

3. ———: MEASURE OF DAMAGES. The measure of damages, in the case of the conversion of personal property, is the value of the property at the time of the conversion with interest from that date to the time of the trial.

*Appeal from the Mississippi Circuit Court.*—HON. H. C. RILEY, Judge.

AFFIRMED.

*James A. Boone* for appellant.

*Russell & Deal* for respondent.

ROMBAUER, P. J.—This is an action for the conversion of seven hay rakes, alleged to be of the value of $130.50. The case was tried by the court without a jury, the trial resulting in a judgment for the plaintiff in the sum of $89. The errors assigned by the defendant appellant are that the verdict should have been for the defendant; also, that it is excessive in any view; also, that the court erroneously admitted in evidence the contract hereinafter referred to. No instructions were asked or given.

The defendant is the statutory assignee of the Charleston Mercantile Company; and the plaintiff is a manufacturer of hay rakes. In September, 1891, the plaintiff and the defendant's assignor entered into a written contract, whereby the plaintiff conditionally sold to plaintiff's assignor twelve hay rakes at the contract price of $200.25. The contract contained a clause, whereby plaintiff's assignor agreed "that the title to, and ownership of, all machines which may be shipped as herein provided, and their proceeds in case of sale, shall be the property of the Thomas Manufacturing Company, and subject to their order, until full payment shall have been made for the same by second party" (the plaintiff's assignor). When this contract was offered in evidence, the defendant objected to it as a contract between other parties, and not binding on him. The overruling of this objection forms the first assignment of error.

The error is not well assigned. While an unrecorded conditional contract of sale is void under the provisions of section 5178, of the Revised Statutes, as to creditors of the vendee, and purchasers from him in good faith, it is valid between the parties themselves. *Coover v. Johnson*, 86 Mo. 533; *Collins v. Wilhoit*, 108 Mo. 451. A statutory assignee for the benefit of creditors stands in the shoes of his assignor, takes only his title, and is neither a creditor of the vendee, nor a purchaser from him in good faith within the purview of the statute. *Peet v. Spencer*, 90 Mo. 384. The contract of his assignor was evidence against the assignee, and the objection to its admission was properly overruled.

The evidence tended to show that the plaintiff's assignor, at the date of the assignment, had sold five of the twelve rakes, and had paid to the plaintiff on account thereof $45, leaving $155.25 unpaid. The value of the rakes, of which the defendant, as assignee, took possession, was placed by the evidence at amounts varying between $84 and $130. The defendant sold one of the rakes as assignee before he was advised by the plaintiff of the terms of the contract. Subsequently to such advice, which distinctly informed him that the plaintiff claimed the rakes as its absolute property, the defendant sold the other six rakes—at what price does not appear. That the defendant under this evidence was shown to have been guilty of conversion, admits of no doubt. *Lafayette County Bank v. Metcalf, Moore & Co.*, 40 Mo. App. 494. The measure of damages, in case of the conversion of personal property, is the *value* of the property at the date of the conversion, with interest from that date to date of trial. *Spencer v. Vance*, 57 Mo. 427. The verdict, therefore, was not excessive in any view of the case, and was within the limits of the evidence.

We are asked to affirm the judgment with damages. As both of the errors assigned are without any merit whatever, we think the motion should be sustained. All the judges concurring, the judgment is affirmed with ten per cent. damages.