### J. H. WILLIARD V. THE STATE.

No. 23848. Delivered January 14, 1948.
Rehearing Denied February 18, 1948.

*J. M. Parker*, of Gorman, for appellant.

*John T. Nicholson*, County Attorney, of Comanche, and *Ernest S. Goens*, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was assessed a fine of $250.00 on a charge of possessing liquor for the purpose of sale in a dry area.

The sheriff and a number of other officers went to the home of appellant and asked permission to search his premises for whisky. At first this was granted, but when they found about half a tea cup of corn whisky in a five gallon jug appellant protested and ordered the search stopped. The sheriff remained on the premises while a deputy returned to town to get a search warrant. While the sheriff and some others were waiting for the search warrant, appellant agreed again that they make the search. This resulted in the finding of one and one-half gallons of red whisky covered with feed in a box near the hog pen. Later seven gallons were uncovered from some sand nearby. The search was continued and resulted in the finding of a large amount of mash, about a hundred gallons of which had been

sweetened with sugar. A copper coil and other equipment, which a witness testified could be placed together and with it whisky produced, were discovered and such equipment was brought into the court room and exhibited to the jury.

Several bills of exception are lodged against the introduction of the coil and other equipment on the ground that it is a separate and distinct offense to possess such equipment, and that thereby appellant was being tried for an offense not charged in the complaint against him.

The question thus raised is fully discussed with several authorities on the subject, in the case of Brown v. State, 47 S. W. (2d) 290. The holding in the Brown case is against the contention of appellant. We believe the law therein discussed is sound and it will be followed.

Finding no reversible error, the judgment of the trial court is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

In his motion for rehearing, appellant urges the correctness of the matters originally presented.

We have again reviewed the entire record and remain convinced of the correctness of our original conclusion. It would serve no useful purpose to write further.

The motion for rehearing is overruled.

Opinion approved by the Court.