Charles McCALLISTER (Plaintiff), Respondent,

v.

CORD MOVING and STORAGE COMPANY, a Corporation (Defendant), Appellant.

No. 29673.

St. Louis Court of Appeals.

Missouri.

May 7, 1957.

Rehearing Denied May 31, 1957.

Orlie F. Underwood, Philip M. Sestric, St. Louis, for appellant.

Hall, Reaban & Seigel, St. Louis, Eli C. Seigel, St. Louis, for respondent.

HOUSER, Commissioner.

This is an action by a bailor against a bailee. Charles McCallister sued Cord Moving and Storage Company, a licensed warehouseman, for $1,047.25 for alleged wrongful conversion of 25 television sets deposited by plaintiff in defendant's warehouse for storage. The case originated in

the Magistrate Court of the City of St. Louis. On appeal the case was tried to the circuit court without a jury. From a judgment for plaintiff for the value of his interest in the goods plus 6% interest in the total sum of $1,180.32, defendant has appealed to this court.

The petition alleged plaintiff's equitable interest in the property, its value, its storage with defendant, a public warehouseman, the issuance of a warehouse receipt to plaintiff, demand by plaintiff for possession of the property and failure and refusal to deliver. Defendant's answer admitted the storage; alleged lack of information as to plaintiff's interest in or the value of the goods and that "prior to the delivery of said goods, it (defendant) received notice from Fred Varney & Company, a Corporation, that it was the lawful owner of said goods and as such entitled to the possession thereof and that plaintiff had no right, title or interest in same."

Plaintiff, a trucker, testified to an agreement between plaintiff, Fred Varney of St. Louis and R. C. Moss of Denver, Colorado to pay plaintiff $500 plus Kansas port of entry fees, taxes and insurance, for transporting 68 television sets from a northern utilities store in St. Louis to that company's store in Denver. Varney made out an invoice, billing the goods to plaintiff at the price of $20,040. Plaintiff gave Varney a check on plaintiff's bank account. The check was issued to "insure" or "guarantee" the delivery of the goods and not as payment of the purchase price therefor. Plaintiff did not have that much money in his bank account and so informed Varney who, according to plaintiff, required the giving of the check because he did not know plaintiff. Upon delivery of the goods plaintiff made demand for payment. Moss, who did not have the money with which to pay plaintiff for his trip, wanted plaintiff to haul 25 sets back to St. Louis. Plaintiff refused because he "had not been paid for the other trip." Moss then offered to "turn over" 25

television sets to plaintiff for transportation to St. Louis under an agreement that if Varney would not pay the freight charges and take over the sets plaintiff would sell them at auction, deduct the freight charges due plaintiff on the two trips and refund the balance to R. C. Moss, of Northern Utility Company. Accordingly Moss gave plaintiff a bill of sale to the 25 television sets marked "paid in full." Plaintiff transported the 25 television sets to St. Louis where he made demand on Varney for his charges but Varney refused to pay the money. On advice of counsel plaintiff then stored the goods with defendant, receiving a warehouse receipt therefor. On September 4, 1952 Fred Varney & Company through its attorneys, wrote a letter to defendant warehouseman claiming the property and the right to immediate possession. Notified by defendant of this claim, plaintiff's attorney informed defendant by telephone that plaintiff would hold defendant accountable if the property was delivered to any other person; that plaintiff was holding the property as security for a lien for charges due him. Nevertheless defendant released the property to Varney upon payment by Varney of the storage charges and the posting of a surety bond to hold defendant harmless. At no time did plaintiff authorize defendant to deliver possession of the goods to any third person.

On cross-examination of plaintiff it developed that plaintiff had no interstate certificate of convenience and necessity or permit to operate as a common carrier outside the State of Missouri.

An officer of defendant company testified that before bringing the goods to the warehouse plaintiff told defendant that the Varney company was the owner of the sets; that plaintiff was holding them for hauling charges and that plaintiff said they were "his" until he got his money.

By § 406.110 [1] a public warehouseman who delivers goods deposited with him to one who is not in fact lawfully entitled to

1. All section numbers refer to R.S.Mo. 1949, V.A.M.S.

the possession of them is liable as for conversion to all having a right of property or possession in the goods. Under § 406.190 no right or title of a third person is a defense justifying a delivery to him unless he was lawfully entitled to the possession of the goods.

 Defendant's first point is that the judgment is against the law and the evidence for the reason that the evidence shows that the property was delivered to its legal owner. Asserting that Fred Varney & Company owned the goods defendant-warehouseman proposes that plaintiff-bailor has failed to disprove Varney's ownership and right to possession. Defendant misapprehends the burden of proof in cases of non-delivery. In the first place the burden is on the bailor in a conversion case to show title or right to the possession of the property converted. After the bailor makes a prima facie case the burden is on the warehouseman to justify or excuse failure or refusal to deliver the goods, § 406.090, para. 2; Springfield Crystallized Egg Co. v. Springfield Ice & Refrigerating Co., 259 Mo. 664, 168 S.W. 772; 93 C.J.S. Warehousemen & Safe Depositaries § 76a, p. 516, and where the warehouseman sets up the defense of delivery to a third person having a superior title the burden is on the warehouseman to show that the title to which he yielded was in fact paramount to that of the bailor. 93 C.J.S. Warehousemen & Safe Depositaries § 53d, p. 483. In the hands of a holder a warehouseman's receipt is prima facie evidence of title and right to possession of the property mentioned in it. 93 C.J.S. Warehousemen & Safe Depositaries § 76a, pp. 515, 516. Plaintiff-bailor, the admitted holder of a warehouse receipt, made a prima facie case. The burden was on defendant to show that Fred Varney & Company had a right to possession superior to that of plaintiff. Defendant failed to sustain that burden. No evidence whatever was introduced showing or tending to show that Fred Varney & Company owned the goods or had any right to possession, other than

a purported admission by plaintiff in a telephone conversation that the sets "actually belonged to Varney." Whether plaintiff made the admission is a matter of credibility which we determine against defendant. Certainly the letter sent by Varney's attorneys to defendant constituted no evidence of Varney's ownership or right to possession of the goods, State ex rel. Taday v. Sloan's Moving & Storage Co., Mo.Sup., 212 S.W.2d 566, and did not justify release of the goods. The first point is ruled against defendant.

 Defendant next claims that plaintiff cannot maintain this action because the basis of plaintiff's lien is a contract of hauling for which he was not licensed by the Interstate Commerce Commission or Missouri Public Service Commission; that where the subject matter of a contract is the doing of an illegal act the courts will not enforce the contract but will leave the parties to the contract where it finds them. But the subject matter of the contract of bailment was not the doing of an illegal act, and this action of conversion is not an attempt to enforce the hauling contract. The contract of bailment was legal and valid and was supported by a valuable consideration. Plaintiff's right to possession of the goods stored under that contract did not depend upon the contract of hauling, nor is his claim as bailor tainted by any illegality of the hauling contract. The legality or illegality of the hauling contract is immaterial. Plaintiff's cause of action of conversion is not founded upon nor does it arise out of but exists independently of the hauling contract. A party seeking a recovery cannot be defeated because of the illegality of his prior conduct where he can make out his case otherwise than through the medium of an illegal transaction. State ex rel. Boatmen's Nat. Bank of St. Louis v. Webster Groves General Sewer District No. 1 of St. Louis County, 327 Mo. 594, 37 S.W.2d 905; Roselle v. Beckemeir, 134 Mo. 380, 35 S.W. 1132. The second point is ruled against defendant.

Defendant's third point is that the court erred in rendering judgment for plaintiff because plaintiff's testimony is at war with and diametrically opposed to plaintiff's pleadings. Defendant submits that plaintiff pleaded only an equitable interest in the goods and in his testimony claimed only a lien whereas elsewhere in his testimony plaintiff claimed that the television sets were "his." There is no irreconcilable conflict between pleading and proof. Plaintiff's theory, both in his pleading, testimony and documentary evidence taken as a whole, was that of conversion of goods on which plaintiff had a possessory lien. Plaintiff testified "They were my sets" but this conclusion on his part must be considered in the light of his further testimony that he did not buy or purport to buy the sets; that he was not the owner; that his check was given not to purchase but only to assure delivery of the 68 sets, and that the 25 sets were placed in his possession not as owner but to be returned to St. Louis and offered to Fred Varney & Company with a request for the payment of the transportation charges, and with the authority (armed with a bill of sale) to sell the sets for the satisfaction of his charges, subject to an obligation to refund the overplus which the parties contemplated would remain after the sale, and the fact that plaintiff did not claim the full value of the goods on conversion but claimed only to the extent of his interest. The third point is ruled against defendant.

Defendant's fourth point is that the court erred in awarding interest on a judgment in a conversion case but in oral argument counsel for defendant frankly conceded that this point is without merit. See Thomas Mfg. Co. v. Huff, 62 Mo.App. 124, loc. cit. 126; Jensen v. Turner Bros., Mo. App., 16 S.W.2d 742, loc. cit. 745.

Finally defendant makes the point that the court tried the case on the wrong theory of law, namely, that plaintiff was entitled to the return of the goods regardless of his title or right thereto. On whatever theory the court below tried the case the result reached was proper and on this trial de novo we perceive no way in which the rights of defendant were prejudiced.

The Commissioner recommends that the judgment of the circuit court be affirmed.

PER CURIAM.

The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.

The judgment of the circuit court is, accordingly, affirmed.

RUDDY, P. J., and MATTHES and ANDERSON, JJ., concur.