**S.L. COLLINS and Jeraldine Collins, Plaintiffs/Respondents,**

v.

**Lonnie TRAMMELL d/b/a Big L Full Service Station, Defendant/Appellant.**

No. 67172.

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 24, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 11, 1995.

Kenneth J. Rothman, Robert S. Adler, Clayton, for appellant.

John F. Mulligan, Jr., Clayton, for respondents.

CRANDALL, Judge.

Defendant, Lonnie Trammel, d/b/a Big L Full Service Station, appeals from the judgment of the trial court in favor of plaintiff, S.L. Collins, in a bench trial for conversion.[1]

---

1. Jeraldine Collins, the wife of S.L. Collins, is also a plaintiff in this action. However, for the

The judgment of $65,068.44 consisted of $45,000.00 in actual damages, prejudgment interest in the amount of $10,068.44, and $10,000.00 punitive damages. We affirm.

The evidence, viewed in a light most favorable to the judgment, discloses that plaintiff owned a trucking business. On October 12, 1991, one of his dump trucks, a 1986 Mack truck, was hauling approximately 25 tons of rock. At approximately 3:00 p.m., two of the truck's four right rear wheels came off in transit, rendering the truck disabled in a curb lane.

A car ran into the rear of the disabled truck and police responded to the accident scene. The police called defendant, who is a tow truck operator. Plaintiff was also notified and arrived on the scene a short time after defendant.

Before the dump truck could be removed, two right rear wheels had to be placed on the truck. This required installing new tire studs and replacing one of the damaged wheels. Plaintiff installed the new tire studs, and placed the undamaged wheel back on the truck. He left the scene to obtain another tire. When he returned, he found that a smaller tire had been placed on the truck and that two tow trucks, one belonging to defendant and one belonging to another service, were pulling his dump truck as requested by the police at the scene.[2] The smaller tire installed by defendant broke off during the tow and required additional repair. Eventually, plaintiff's dump truck was towed to defendant's station, approximately four miles from the scene of the accident.

When plaintiff appeared at the defendant's towing business to claim his truck, defendant presented him with a bill totalling $2,193.75. Plaintiff protested the amount of the bill as unreasonable. Defendant informed plaintiff that his truck would not be released until the bill was paid in full.

Later that week, plaintiff returned to defendant's towing company and offered defendant $700.00 cash in exchange for the release of the truck. Defendant refused plaintiff's offer, insisting on full payment before he would release the truck. During the following weeks, plaintiff and defendant had several discussions regarding the bill, but failed to reach an agreement.

By letter dated November 20, 1991, defendant demanded $3,143.75 (the original bill, plus storage charges), and informed plaintiff that he had ten days to contact defendant regarding the bill or defendant would take legal action.

Plaintiff filed this conversion action on January 31, 1992. Meanwhile, defendant attempted to procure a mechanic's lien title to plaintiff's vehicle. When defendant was unsuccessful in this attempt, he instead applied for an abandoned vehicle title to the dump truck pursuant to §§ 304.155 and 304.157, RSMo 1993. Defendant never notified plaintiff or the recorded lienholder that he was filing an application for a certificate of title to the truck as an abandoned vehicle, although such notification is required. §§ 304.155 and 304.157.

On April 1, 1992, the Missouri Department of Revenue issued defendant a "Certificate of Title" for the dump truck, and defendant subsequently sold plaintiff's dump truck to another party for $25,000.00. However, defendant had this purchaser pay him with two separate cashier's checks, one made out to him for $10,000.00, and one made out to defendant's mother for $15,000.00. At trial, plaintiff testified that the fair market value of the dump truck was $45,000.00. The plaintiff and the recorded lienholder did not receive any of these funds.

In his first point, defendant challenges the sufficiency of the evidence. He claims the trial court erred in entering judgment in favor of plaintiff on the conversion claim because plaintiff did not prove that defendant's towing charges were unreasonable and that a proper and sufficient demand for the release of the truck was made.

■ Conversion can be proved three ways: 1) by tortious taking; 2) by any use or appropriation to the use of the person in

---

purposes of this opinion, we will refer to S.L. Collins as a singular plaintiff.

**2.** Defendant testified that the other towing service and the tire company who installed the smaller tire billed defendant directly, and he paid them by providing services.

possession, indicating a claim of right in opposition to owner's rights; or 3) by refusal to give up possession to the owner on demand, even though the defendant's original possession of the property was proper. *Northland Ins. v. Chet's Tow Service*, 804 S.W.2d 54, 56 (Mo.App.1991).

■ Here, the initial taking of the plaintiff's dump truck was authorized by the police's request for a tow. "When the initial taking is authorized, demand and refusal are necessary to the existence of a conversion claim." *Kennedy v. Fournie*, 898 S.W.2d 672, 678 (Mo.App.E.D.1995). Defendant claims plaintiff's conversion action fails because plaintiff did not prove that a proper and legally sufficient demand for the return of the dump truck was made.

The evidence at trial regarding the reasonableness of defendant's tow charges included plaintiff's testimony that he had previously paid $125.00 to have similar dump trucks with similar loads towed in excess of the distance defendant towed the 1986 Mack truck. Defendant testified on direct examination that his charges for towing the truck were calculated in accordance with the customary procedures for charging people for tows involving multiple tow trucks and support vehicles and that his charges were fair and reasonable.

■ The trial court has broad discretion to determine the credibility of the witnesses. *Wild v. Holmes*, 869 S.W.2d 917, 918 (Mo. App.E.D.1994). As the trier of fact, the trial court is free to believe all, part, or none of the testimony of any witness. *Herbert v. Harl*, 757 S.W.2d 585, 587 (Mo. banc 1988). Here, the trial court found the plaintiff's testimony as to the reasonableness of the towing charge to be more credible than the defendant's, and we defer to its broad discretion, even if there is evidence which would support a different conclusion. *See Wild v. Holmes*, 869 S.W.2d 917, 918 (Mo.App.E.D. 1994). Furthermore, "[w]here the value of services is a matter of common knowledge, the trier of fact may determine value from its own knowledge." *Hughes v. Estes*, 793 S.W.2d 206, 210 (Mo.App.1990). The reasonable value of the services was a matter of common knowledge and therefore an appropriate matter for the trier of fact to determine without the aid of expert testimony.

Defendant also contends that plaintiff did not make a legally sufficient demand for the return of the dump truck because plaintiff did not tender the full amount of the towing bill.

■ Although defendant did have an artisan's right to retain possession of the truck until paid for his services, he was entitled only to the *reasonable value* of labor and material furnished. *See Poole v. McKeen*, 654 S.W.2d 362, 364 (Mo.App.1983); *Dave Kolb Grading, Inc. v. Lieberman Corp.*, 837 S.W.2d 924, 931 (Mo.App.E.D.1992). Here, the trial court found that the $700.00 tendered by Collins was the reasonable value of the labor and material furnished by the defendant, so tender of the full amount of the tow bill was not required for plaintiff's demand to be legally sufficient.

■ Defendant further argues that plaintiff's demand was legally insufficient because plaintiff did not present a release from the police department which ordered the tow when he tendered the $700.00. "The law does not require a person who is ready and able to perform his contractual duties to tender his performance when such would be a 'vain and idle ceremony'." *Intern. Harvester Co. v. Mahacek*, 705 S.W.2d 603 (Mo. App.1986), *quoting Owens v. Automobile Recovery Bureau, Inc.*, 544 S.W.2d 26, 31 (Mo. App.1976). Defendant informed plaintiff that he would not release the truck for the amount offered. At that point, presenting a release would have been a futile gesture. Defendant thus waived his right to insist plaintiff tender this performance. Defendant's first point is denied.

In his second point, defendant contends the trial court erred in awarding punitive damages because plaintiff failed to make a submissible case upon his conversion claim. In light of our holding on point one, this argument lacks merit. However, defendant further claims the evidence was insufficient to support an award of punitive damages even if plaintiff was successful in proving conversion.

Punitive damages are appropriately awarded when a person intentionally converts property with an evil motive or with reckless indifference to the rights of others. *Dayton Const. Inc. v. Meinhardt*, 882 S.W.2d 206, 209–210 (Mo.App.W.D.1994). Sufficient evidence existed here to support the trial court's award of punitive damages. Defendant's towing bill exceeded the reasonable value of his labor and material. Defendant acquired title to plaintiff's truck without giving plaintiff or the recorded lienholder the statutorily required notice, yet represented to the Department of Revenue that he did so. Defendant sold the truck for considerably more money than he claimed was owed for towing and storing it, yet never tendered the excess to plaintiff or lienholder, instead using the entire amount for his personal or business expenses. Furthermore, defendant had the third party who purchased the dump truck pay the $25,000.00 in two separate cashier's checks, one made out to him for $10,000.00, and one made out to his mother for $15,000.00, in an apparent attempt to hide some of the money. Thus, there was evidence to support an award of punitive damages. Defendant's second point is denied.

We have reviewed defendant's remaining point on appeal. No error of law appears. A written opinion on this point would have no precedential value. Rule 84.16(b). Defendant's third point is denied.

The judgment of the trial court is affirmed.[3]

CRAHAN, P.J., and DOWD, J., concur.

---

3. Defendant's motion to strike plaintiff's supplemental legal file is granted for failure to comply with 81.12(b) and (e).