Robert G. ARMISTEAD, Jr., Appellant,

v.

A.L.W. GROUP, A Limited Partnership, Mark A. Witt, Steven L. Witt and Larry D. Witt, Respondent.

No. ED 79186.

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 9, 2001.

Cynthia S. Holmes, Cynthia S. Holmes, P.C., Clayton, MO, for appellant.

Timothy J. Melenbrink, Hansen, Stierberger, Downard, Melenbrink & Schroeder, Union, MO, for respondents.

RICHARD B. TEITELMAN, Judge.

Robert G. Armistead, Jr., ("Armistead") appeals from a judgment entered by the Circuit Court of Franklin County dismissing his petition for dissolution of partnership, accounting, breach of contract and punitive damages against the A.L.W. Group and the individual members of the partnership (collectively, "A.L.W."). The trial court determined that the petition was time-barred because the five-year statute of limitations set forth in Section 516.120.1 RSMo (2000)[1] applied instead of

<hr />

1. All further statutory citations are to RSMo (2000).

the ten-year statute set forth in Section 516.110.1.

We reverse and remand.

### *Factual and Procedural Background*

On June 3, 1990, Armistead and several others entered into a limited partnership agreement (the "Agreement") to operate a restaurant and bar in Franklin County, Missouri. Concerned that he was being improperly excluded from the business, Armistead notified A.L.W. of his withdrawal from the partnership on September 20, 1991.

The Agreement provided that upon the withdrawal of a partner, the partnership had two options. First, the remaining partners could elect to purchase the interest of the withdrawing partner. The Agreement provided a means of calculating the value of the withdrawing partner's interest. Second, the remaining partners could elect to dissolve the partnership. Armistead alleges that although his former partners elected to purchase his interest, they failed to do so. Armistead further alleges that A.L.W. again breached the Agreement by failing to dissolve the partnership after declining to purchase his partnership interest. Accordingly, on October 6, 2000, some nine years after his withdrawal from the partnership, Armistead filed a three-count petition asking for dissolution of the partnership, appointment of a receiver and an accounting, and punitive damages. On December 14, 2000, Armistead filed an amended petition which added a count for breach of contract for the payment of money due for the purchase of his partnership interest. In the amended petition, the claim for punitive damages related to the allegations in Counts I through III.

A.L.W. filed a motion to dismiss alleging that Armistead's petition was time-barred

under the five-year statute of limitations set forth Section 516.120.1.[2] On January 15, 2001, the trial court sustained A.L.W.'s motion to dismiss. Subsequently, the court also denied Armistead's motion to reconsider and designated its dismissal order as a final judgment. This appeal followed.

### *Standard of Review*

■ When reviewing the dismissal of a cause of action, we examine the pleadings, treating all alleged facts as true and construing the allegations in favor of the pleader. City of Chesterfield v. DeShetler Homes, 938 S.W.2d 671, 673 (Mo.App. E.D. 1997). If it clearly appears on the face of the petition that the cause of action is barred by the applicable statute of limitations, the motion to dismiss is properly sustained. City of Ellisville v. Lohman, 972 S.W.2d 527, 530 (Mo.App. E.D.1998).

### *Discussion*

#### *Point One*

In his first point on appeal, Armistead argues that the trial court erred in dismissing Count III (breach of contract) and Count IV (punitive damages) of his petition by invoking the five-year statute of limitations in Section 516.120.1. Armistead argues instead that the ten-year statute of limitations set forth in Section 516.110.1 applies. We agree.

The trial court premised its holding on the theory that Section 516.110.1 is inapplicable because the Agreement "does not contain a promise to pay money which is an acknowledgment of a then present indebtedness." This is an incorrect statement of the law governing the applicability of Section 516.110.1. Section 516.110.1 provides that "an action upon any writing, whether sealed or unsealed, for the pay-

---

**2.** The parties agreed to argue the motion as applied to Armistead's amended petition.

ment of money or property" shall be brought within ten years. The plain language of the statute imposes no requirement of "then present indebtedness." Therefore, as recognized by the Supreme Court in Hughes Development Co. v. Omega Realty, Co., 951 S.W.2d 615 (Mo.banc 1997), Section 516.110.1 applies to *"every breach of contract action in which the plaintiff seeks a judgment from the defendant for the payment of money the defendant agreed to pay in a written contract."* Id. at 617 (emphasis added). The Hughes Court further noted that this interpretation of the statute is "admittedly quite broad" but is nonetheless required by the plain language of the statute. Id.

■ Treating all alleged facts as true, we find that Section 516.110.1 applies to Count III and Count IV of Armistead's petition. The Agreement is a written contract. It contains a promise by A.L.W. to pay money to a withdrawing partner for the value of his or her partnership interest in the event the remaining partners elect not to dissolve the partnership. In Counts III and IV, Armistead alleged that A.L.W. has not dissolved the partnership and owes him the value the value of his partnership interest. Therefore, on its face, Armistead's claims for breach of contract are actions in which he is seeking the payment of money A.L.W. agreed to pay under the written terms of the Agreement. Consequently, Section 516.110.1 applies. As Counts III and IV of Armistead's petition were filed within ten years of the date on which payment for the value of his partnership interest came due, these claims are not time-barred. Point granted.

### Point Two

In his second point on appeal, Armistead argues that that the trial court erred in dismissing Count I (dissolution of partnership) and Count II (accounting) of his petition because Section 516.110.1 applies to equitable actions to enforce contractual obligations. We agree.

■ Missouri courts uniformly hold that actions in equity for the enforcement of a contract are governed by the ten-year statute of limitations found in Section 516.110.1. Lake St. Louis Community Ass'n v. Oak Bluff Preserve, 956 S.W.2d 305, 308 (Mo.App. E.D.1997); Oberle v. Monia, 690 S.W.2d 840, 844 (Mo.App. E.D. 1985). In Counts I and II of his petition, Armistead sought to enforce those provisions of the Agreement which provide for dissolution and accounting upon the withdrawal of a partner. Therefore, both Count I and Count II are governed by the ten-year statute of limitations set forth in Section 516.110.1. The trial court's application of the five-year limitations period in Section 516.120 was in error. Point granted.

### Point Three

■ In his third point on appeal, Armistead argues that because of his continued exclusion from the partnership, he has suffered a "continuing wrong" that is tantamount to a new cause of action each day. Under Armistead's "continuing wrong" theory, even application of the five-year limitations period would not bar his cause of action because a new cause of action would accrue each and every day up to the date he filed his petition, even if the initial breach was over five years ago. Given our disposition of Points I and II, Point III of Armistead's appeal is moot.

The cause is reversed and remanded for further proceedings consistent with this opinion.

GARY M. GAERTNER, SR., J., and CLIFFORD H. AHRENS, J., concur.