GREEN VALLEY SEED, INC., Respondent,

v.

Hugh and Susan PLENGE, Honey Creek, Inc., and Bickford Farms, Defendants,

and

Diana Bickford, Individually, and as Trustee of the Plummer Trust, Appellant.

No. ED 79359.

Missouri Court of Appeals, Eastern District, Division Two.

April 9, 2002.

---

1. Unless otherwise noted, all statutory references are to RSMo 2000.

Tom Hensley, Kirksville, MO, for appellant.

H. Scott Summers, Kahoka, MO, for respondents.

MARY R. RUSSELL, Judge.

Diana Bickford ("Landowner") and her hired hand, Hugh Plenge ("Farmer"), deposited 4,603 bushels of transitional soybeans at Green Valley Seed, Inc. ("Granary"), for cleaning, bagging, and storage until such time as the beans were to be shipped to a buyer. Sometime thereafter, the Granary became aware of competing claims of ownership by Landowner and Farmer as to the beans. The Granary filed an action in interpleader naming Landowner and Farmer, among others, as defendants. Landowner filed a counterclaim against the Granary, claiming its previous failure to release the beans to her constituted conversion. Landowner now appeals from a judgment in favor of the Granary in the interpleader action and in her claim against it for conversion of transitional soybeans. We find no error and affirm in part and dismiss in part.

In her points relied on, Landowner claims the trial court erred in two respects. Landowner first argues the trial court erred in entering judgment in favor of the Granary because the judgment was against the weight of the evidence in that the trial court misapplied the law to the facts. In her second point, Landowner asserts that the trial court erred in granting the Granary's request for attorney's fees and other damages because the Granary converted her property and its interpleader action was unnecessary.

■ We will uphold the decision of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). In considering challenges to the sufficiency of the evidence, we accept as true all inferences and evidence in the light most favorable to the judgment, and we reject all contrary inferences and evidence. *In re*

*Fabius River Drainage Dist.*, 35 S.W.3d 473, 480 (Mo.App.2000). In a court-tried case, the judge has the sole responsibility of determining the credibility of witnesses and whether the court will accept or reject the testimony, in part or in whole. *Id.*

■ Conversion is the "unauthorized assumption of the right of ownership over the personal property of another to the exclusion of the owner's rights." *Mertz v. Blockbuster, Inc.*, 32 S.W.3d 130, 133 (Mo.App.2000) (*quoting Colton, McMichael, Lester, Auman, Visnovske, Inc. v. Mueller*, 896 S.W.2d 741, 742 (Mo.App.1995)). Conversion can occur in three ways: "1) by tortious taking; 2) by any use or appropriation to the use of the person in possession, indicating a claim of right in opposition to [the] owner's rights; or 3) by refusal to give up possession to the owner on demand, even though the defendant's original possession of the property was proper." *Walker v. Hanke*, 992 S.W.2d 925, 930 (Mo.App.1999) (*quoting Collins v. Trammell*, 911 S.W.2d 635, 637 (Mo.App. 1995)).

Landowner pleaded the last type of conversion in her counterclaim, wherein she asserted that after she asked the Granary to send the beans to a buyer, it intentionally withheld their release and wrongfully detained them against her property interests. In order to prevail on her conversion claim, Landowner needed to prove: (1) she was the owner of the beans; (2) the Granary had possession of the beans; (3) she made a demand to the Granary for possession of the beans; and (4) the Granary thereafter intentionally failed to return possession of the beans to her. *See* MAI 23.12(2).

■■ In comparison, an action in interpleader is appropriate when the party seeking it avers that persons have competing claims against that party of such a

nature so as to expose it to double liability. *Suter v. Dalton*, 856 S.W.2d 118, 120–21 (Mo.App.1993); *Brady v. Ansehl*, 787 S.W.2d 823, 825 (Mo.App.1990). *See also* Rule 52.07; section 507.060 RSMo 2000.[1] "The propriety of interpleader should not turn on the particular merits of the claims themselves, but on whether the stakeholder faces multiple vexation and litigation because of such claims...." *Ins. Co. of N. Am. v. Skyway Aviation, Inc.*, 828 S.W.2d 888, 894 (Mo.App.1992).

■ The evidence at trial clearly demonstrated that ownership of the beans was contested by Landowner and Farmer when the Granary filed its interpleader action. Landowner originally tried to sell all of the beans to a buyer, but when the Granary confronted her with Farmer's ownership claims, she attempted to sell half of the beans instead. At trial, Landowner's testimony that she owned half of the beans and Farmer owned the other half pursuant to her sharecropper's contract with him was contrary to her original efforts to sell all the transitional beans she and Farmer had deposited at the Granary. A potential buyer for the beans testified that Farmer told him that he owned half of the beans, and then Farmer tried to sell those beans to him. Employees of the Granary indicated that at different times, Farmer claimed all the beans, half the beans, and an unspecified interest in them.

Indeed, had the Granary released the beans to someone who was not their true owner, it would have been subject to liability for conversion and for breach of the bailment contract regardless of whether the "misdelivery was the result of innocent mistake or was induced by fraud or trick." *See Motors Ins. Corp. v. Union Mkt. Garage*, 207 S.W.2d 836, 838 (Mo.App.1948). Even assuming *arguendo* that Landowner

proved a *prima facie* conversion case against the Granary, the evidence presented at trial constitutes a satisfactory justification of its failure to deliver the beans after her initial demand. *See McCallister v. Cord Moving & Storage Co.*, 301 S.W.2d 852, 855 (Mo.App.1957).

The trial court denied Landowner's conversion claim on the grounds that an action in conversion would not lie when the ownership of the goods was uncertain, specifically finding "the actions of [the Granary] did not amount to a refusal to give up possession to the owner on demand, since the owner of the beans was in question." We find the evidence at trial was sufficient to support this result.

Furthermore, we consider section 400.7–603 to be persuasive authority, although it was not cited by the parties or the trial court, predicting the same result on these facts. This section, part of Article 7 of the Uniform Commercial Code as adopted in Missouri, is titled "Warehouse Receipts, Bills of Lading, and Other Documents of Title." It provides in pertinent part:

> If more than one person claims title or possession of the goods, the bailee is excused from delivery until he has had a reasonable time to ascertain the validity of the adverse claims or to bring an action to compel all claimants to interplead and may compel such interpleader, either in defending an action for nondelivery of the goods, or by original action, whichever is appropriate.

"Warehouse receipt" is defined as "a receipt issued by a person in the business of storing goods for hire," and "bailee" means a "person who by a warehouse receipt, bill of lading or other document of title acknowledges possession of goods and contracts to deliver them." Section 400.1–201;

---

1. All further statutory references are to RSMo 2000.

section 400.7–102. We find section 400.7–603 to be a further indication of the appropriateness of the Granary's actions in the case at hand. Landowner's first point is denied.

We next address Landowner's second point, wherein she claims the trial court erroneously granted the Granary's request for attorney's fees and other damages in its interpleader action. No authority is cited by Landowner to support her claim of error.

Rule 84.04(d)(5) requires appellants to "include a list of cases, . . . and the constitutional, statutory, and regulatory provisions or other authority upon which that party principally relies" for each point on appeal. When a point is not a matter of first impression and precedent is available, with limited exceptions, the appellant must cite to authority if it wishes to prevail. *Thummel v. King*, 570 S.W.2d 679, 687 (Mo. banc 1978). A substantial failure to comply with Rule 84.04 is insufficient to invoke the jurisdiction of the appellate courts. *Woodard v. SmithKline Beecham/Quest*, 29 S.W.3d 843, 844 (Mo.App. 2000). If the appellant does not cite to authority or explain why it fails to do so, then the appellant is deemed to have abandoned that point. *Hutchings v. Waxenberg*, 969 S.W.2d 327, 330 (Mo.App.1998). Landowner's second point is dismissed.

We affirm the trial court's judgment with respect to Landowner's first point. We dismiss Landowner's second point.

GEORGE W. DRAPER III, P.J., and MARY K. HOFF, J., concur.