Robert G. ARMISTEAD, Jr., Appellant,

v.

A.L.W. GROUP, Mark A. Witt, Tina M. Witt and Boogies, Inc., Respondents.

No. ED 84482.

Missouri Court of Appeals, Eastern District, Division Five.

Feb. 1, 2005.

See also 60 S.W.3d 25.

Timothy J. Melenbrink, Union, MO, for respondents.

Cynthia S. Holmes, Clayton, MO, for appellant.

## *OPINION*

GLENN A. NORTON, Presiding Judge.

Robert Armistead appeals the judgment dismissing his claims against Tina Witt and Boogies, Inc. We reverse in part and affirm in part.

## I. BACKGROUND

In 1990, Armistead entered a partnership agreement with Mark Witt and his brothers. Armistead withdrew from the partnership in 1991. The remaining partners notified Armistead of their intent to exercise their option under the agreement to purchase the withdrawing partner's interest. According to the agreement, the buy-out was to occur by January 1992, but it never did. The agreement mandated that failure to purchase the withdrawing partner's interest would result in the dissolution and liquidation of the partnership. Thereafter, the partnership's activities were to be limited to winding-up its affairs; that is, selling the partnership's assets and distributing the proceeds to the partners.

The partners did not, however, proceed with proper dissolution. In 1999, Mark Witt and his wife, Tina Witt, acquired the other Witt brothers' interests in the partnership. In 2000, Armistead filed a petition against the Witt brothers—but not Tina Witt—alleging that the partners had breached the agreement by failing to buy him out or dissolve the partnership. That petition was dismissed on grounds that it was barred by the five-year statute of limitations. On appeal, this Court reversed and remanded, holding that the ten-year statute of limitations applied. *Armistead v. A.L.W. Group*, 60 S.W.3d 25, 26 (Mo.App. E.D.2001). On remand, Armistead voluntarily dismissed his petition. In 2002, Mark and Tina Witt wound-up the partnership and sold the business to Boogies, Inc.

In 2003, Armistead filed the instant petition. He asserts a claim for breach of contract stemming from the failed buy-out, seeking the purchase price due to him under the agreement. He also asserts claims against Mark and Tina Witt for breach of the partnership agreement and of their fiduciary duties resulting from their failure to pay him his share of the winding-up proceeds. The petition also includes a count for interpleader against Boogies, in which Armistead seeks an order to pay into the court those sums due under the promissory note Boogies tendered for the sale of the partnership's business. Tina Witt moved to dismiss the claims against her on the ground that they were barred by the ten-year statute of limitations and failed to state any claim. Boogies moved to dismiss the interpleader count against it for failure to state a claim. The court granted both motions, and Armistead appeals.

## II. DISCUSSION

A motion to dismiss for failure to state a claim is solely a test of the adequacy of the plaintiff's petition; therefore, on appeal, we accept as true all well-pled allegations in the petition and liberally grant the plaintiff all reasonable inferences drawn therefrom. *Nazeri v. Missouri Valley College*, 860 S.W.2d 303, 306 (Mo. banc 1993); *see also Freeman v. Leader National Insurance Co.*, 58 S.W.3d 590, 596 (Mo.App. E.D.2001). We also consider exhibits attached to the petition—here, the partnership agreement—as part of the allegations. *Suburban Business Products, Inc. v. T.E. Schmitt Co.*, 796 S.W.2d 77, 78 (Mo.App. E.D.1990); Rule 55.12 (2003).[1] This Court does not attempt to weigh whether the alleged facts are credible or persuasive. *Nazeri*, 860 S.W.2d at 306. "Instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case." *Id.*

### A. Breach of Contract and Fiduciary Duty

Tina Witt contends that Armistead's only cause of action relating to this partnership agreement accrued when the buy-out failed in 1992, and that no new or continuing cause of action arose against Tina Witt when she became a partner in 1999. Thus, she contends, the claims filed against her in 2003 are barred by the ten-year statute of limitations. "If it clearly appears on the face of the petition that the cause of action is barred by the applicable statute of limitations, the motion to dismiss is properly sustained." *Armistead*, 60 S.W.3d at 26 (citing *City of Ellisville v. Lohman*, 972 S.W.2d 527, 530 (Mo.App. E.D.1998)).

1. All rule references are to Missouri Supreme Court Rules (2003).

 We agree, and Armistead concedes, that Tina Witt cannot be held liable for, and damages cannot be sought from her as a result of, the Witt brothers' failure to buy Armistead out in 1992. To the extent that Counts I and II could be construed as attempting to do so, they cannot be maintained against Tina Witt.[2] But the other claims asserted against her are not based on the failed buy-out. Rather, in Counts III through VI, Armistead alleges that Mark and Tina Witt breached the agreement and their fiduciary duties by failing to pay Armistead his share of the partnership interests upon winding-up the partnership in 2002. These claims do not arise from the Witt brothers' failure to buy him out in 1992 and are distinct from those seeking to recover the purchase price of that failed buy-out. The breach and damage resulting from Mark Witt's and Tina Witt's conduct as alleged in these claims was not ascertainable until the business was sold to Boogies in 2002. That is when this cause of action accrued and the statute of limitations began to run. *See* section 516.100 RSMo 2000[3]; *Goodkin v. 8182 Maryland Associates Limited Partnership*, 80 S.W.3d 484, 488 (Mo.App. E.D. 2002) (damage is "capable of ascertainment" when a plaintiff with a recognized legal theory of recovery sustains compensable damages). Thus, these claims filed just one year later were timely.[4]

It does not clearly appear from the face of the petition that the claims stated against Tina Witt in Counts III through VI are barred by the applicable statutes of limitations. Tina Witt does not contest on appeal that the petition otherwise sets forth the elements of a cause of action for breach of contract and for breach of a fiduciary duty. Armistead alleges the existence of the partnership agreement, breach thereof and damages resulting from the breach; and he asserts the existence of a fiduciary duty on the part of the Witts, breach thereof and damages resulting from the breach. *See generally Rice v. West End Motors, Co.*, 905 S.W.2d 541, 542 (Mo.App. E.D.1995) (elements of a breach of contract action); *Preferred Physicians Mutual Management Group v. Preferred Physicians Mutual Risk Retention*, 918 S.W.2d 805, 810 (Mo.App. W.D.1996) (elements of a breach of fiduciary duty action). Thus, the motion to dismiss should not have been granted as to Counts III through VI. Armistead's points I and II on appeal are granted to that extent. Dismissal of the claims set forth against Tina Witt in Count I, however, was proper.

## B. Interpleader

 Armistead argues that the trial court erred in dismissing his claim for interpleader against Boogies. To state a claim for interpleader, the petition must contain allegations that: (1) two or more persons have claims against the plaintiff and (2) the claims are such that the plaintiff is, or may be, exposed to double or

---

**2.** Although in his opening brief to this Court, Armistead argued that Count I includes a claim against Tina Witt for her failure to distribute the partnership's business profits from the time she became a partner in 1999 until the business was sold in 2002, the only relief sought in that count is the purchase price due to him under the buy-out provisions of the agreement.

**3.** All statutory references are to RSMo 2000, unless otherwise noted.

**4.** As was held in *Armistead*, the applicable limitations period on a breach of contract action in which the plaintiff seeks the payment of money due under a written contract is ten years. 60 S.W.3d at 26–27 (citing section 516.110.1). The applicable limitations period on a breach of fiduciary duty claim, however, appears to be five years. *See Klemme v. Best*, 941 S.W.2d 493, 497 (Mo. banc 1997) (citing section 516.120(4) RSMo 1986).

multiple liability. *Commercial Bank of St. Louis County v. James,* 658 S.W.2d 17, 22 (Mo. banc 1983); *see also Green Valley Seed, Inc. v. Plenge,* 72 S.W.3d 601, 603–04 (Mo.App. E.D.2002); section 507.060; Rule 52.07. Interpleader "compels two or more defendants to litigate claims against a plaintiff." *James,* 658 S.W.2d at 22. "Although the interpleader plaintiff need not set forth the defendants' claims with as much accuracy as the claimants themselves would do, he must do more than merely state two conflicting claims have been made; he must state facts showing the nature of the claims." *Id.*

In his petition, Armistead alleges that he and the Witts have competing claims against Boogies for payments due the partnership under the promissory note. Armistead does not allege that anyone has competing claims against *him.* Nevertheless, he contends that Boogies's decision not to file its own interpleader action should not preclude Armistead from seeking a court order to preserve the funds in which, he claims, both he and the Witts have an interest. He relies on *Roosevelt Savings and Loan Association v. First National Bank of Clayton,* 614 S.W.2d 289 (Mo.App. E.D.1981). In *Roosevelt,* the plaintiff-bank was subject to claims by two persons as to the remaining balance of an account held by the bank. *Id.* at 290–91. This Court concluded that interpleader was appropriate, even though the bank itself had an interest in a portion of that account. *Id.* at 291. At most, *Roosevelt* recognized a modification to the common law requirement that the plaintiff be an "innocent stakeholder." *Id.* It did not eliminate, however, the requirement that to state a claim for interpleader *the plaintiff* must be subject to competing claims. There being no such allegations here, and no other basis for a cause of

action against Boogies, the claims against it were properly dismissed.

Point III is denied.

## III. CONCLUSION

To the extent that the judgment dismisses the claims stated against Tina Witt in Counts III through VI of the petition, it is reversed, and the case is remanded for further proceedings consistent with this opinion. In all other respects, the judgment is affirmed.

ROBERT G. DOWD, JR., J. and MARY K. HOFF, J., concurring.