**SAVINGS OF AMERICA,
Plaintiff–Respondent,**

v.

**Sonya ESKEW, Defendant–Appellant,**

and

**Jackie L. Eskew, Personal Representative of the Estate of Lilliah H. Minter, Deceased, Defendant.**

**No. 16438.**

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 13, 1990.

Application for Rehearing or Transfer to Supreme Court Denied Jan. 4, 1991.

Application to Transfer Denied
Feb. 7, 1991.

William B. Quinn, St. Louis, for defendant-appellant.

Terry M. McVey, Welman, Beaton, Williams & McVey, Kennett, for plaintiff-respondent.

HOGAN, Judge.

In this action for interpleader, defendant Sonya Eskew appeals from an order granting plaintiff Savings of America's motion for summary judgment.

The case has had a long and tortuous history. We have been presented with a very disorderly record, and measured by any standard, the appellant's "statement of facts" does not comply with paragraph (c) of Rule 84.04.[1] Nevertheless, given the circumstances of the case and bearing in mind that it is our duty to dispose of the case finally if we can, Rule 84.14, we have considered the appeal on the record presented. We find the appeal is not properly before us and must be dismissed.

The dispute involves money which belonged to Lilliah Minter, defendant Sonya Eskew's mother. Mrs. Minter is now deceased. The record indicates that on April 13, 1984, defendant's sister, Marion Estes, petitioned the Probate Division of the Circuit Court of Dunklin County to appoint a guardian and conservator for Mrs. Minter. The Probate Division ordered service and notice as required by § 475.075.2, and set the matter for hearing on April 24, 1984. On April 24, Mrs. Minter and her two daughters appeared by attorney. The case was continued by agreement.

On August 1, 1984, while the probate proceedings were pending, Mrs. Minter opened an account with plaintiff Savings of America. She deposited $25,000. The account was designated a "custom term" account; the signature card indicates that it is an individual account. On August 15, 1984, in circumstances not disclosed by the record, the account was altered to indicate that Mrs. Minter held the funds as trustee for defendant Sonya Eskew.

On September 27, 1984, the Probate Division found that an emergency existed within the meaning of § 475.075.11, and a conservator ad litem was appointed for Mrs. Minter. The conservator ad litem was ordered, among other things, to: 1) determine the nature and extent of Mrs. Minter's assets; 2) take charge of Mrs. Minter's assets and any assets or property she might subsequently acquire; 3) ascertain what assets Mrs. Minter might have acquired since January 1, 1984, and what disposition Mrs. Minter had made of those assets, and 4) investigate the suitability of any person suggested by any party as Mrs. Minter's conservator. Letters of Conservatorship ad litem were issued on September 27, 1984. A copy of the Letters of Conservatorship ad litem were received by the plaintiff on October 24, 1984. At that time, plaintiff placed a "hold" on the account of Lilliah Minter. Mrs. Minter died testate on January 17, 1985. Defendant Jackie L. Eskew, who is Sonya Eskew's son, was named executor of the estate of Lilliah Minter. On March 22, 1985, the conservator ad litem submitted a final settlement, which was approved by the Probate Division on June 5, 1985.

Shortly before the conservator's final settlement was filed, specifically on April 8, 1985, plaintiff filed a petition in interpleader in the Circuit Court of Dunklin County. Defendant Sonya Eskew, Jackie Eskew, as executor of the estate of Lilliah Minter, and Mrs. Minter's conservator ad litem were named as defendants. Defendants Sonya Eskew and Jackie Eskew, as personal representative of his grandmother's estate, filed responsive pleadings. On July 12, 1985, the plaintiff filed a motion for summary judgment. On August 28, 1985,

---

1. References to statutes and rules are to RSMo 1986 and V.A.M.R. except where otherwise noted.

the plaintiff's motion for summary judgment was sustained and plaintiff paid the sum of $21,628.63 into the registry of the circuit court. On September 25, 1985, the order granting plaintiff's motion for summary judgment was set aside. Plaintiff was granted leave to file an amended petition in interpleader.

On October 9, 1985, plaintiff filed an amended petition for interpleader. The plaintiff averred that it was a federally-chartered savings and loan association, having its principal place of business in Los Angeles and a branch office in Dexter, Missouri. It was further alleged that on August 1, 1984, Lilliah Minter opened a custom term account at plaintiff's Dexter branch with an initial deposit of $25,000. Thereafter, the account was altered by Mrs. Minter so Mrs. Minter held the account as trustee for defendant Sonya Eskew. Plaintiff further alleged that on October 24, 1984 it was advised that a conservator ad litem had been appointed for Mrs. Minter. Thereafter, it was alleged, Mrs. Minter died and a personal representative was appointed for her estate. After the personal representative was appointed, both defendant Eskew and the estate of Lilliah Minter claimed the entire proceeds of the account. Plaintiff further alleged that the account was subject to the possible claim of the conservatorship which was established by order of the Probate Division. Also, plaintiff averred, it had been put on notice that Lilliah Minter was incompetent when the second or trust account was created. Pleading exposure to multiple claims to the same funds, plaintiff prayed that the defendants be ordered to interplead and state their claims and that the court order, upon payment by plaintiff of the proceeds of the account into the registry of the court, that plaintiff be discharged of all further liability on the account.

Defendant Sonya Eskew filed a lengthy responsive pleading which included a motion to dismiss for failure to state a claim upon which relief could be granted. This responsive pleading is very verbose but it sets out the nature of defendant Eskew's claim to the account. It should be noted, also, that defendant Sonya Eskew filed a counterclaim against the plaintiff charging violation of the terms of the trust account. Plaintiff filed a response to this counterclaim.

Defendant Jackie L. Eskew, as personal representative of the estate, filed an answer to plaintiff's petition. In substance, this defendant alleged that there was a question as to Mrs. Minter's competency to establish a trust, and for that reason the court should find that the funds in plaintiff's hands were the property of the estate of Lilliah Minter, deceased. This answer was amended to allege that defendant Sonya Eskew procured the establishment of the trust account by the exercise of undue influence upon Lilliah Minter. Defendant Sonya Eskew filed pleadings responding to the affirmative allegations of Jackie L. Eskew's amended answer.

Between September 30, 1985 and April 14, 1986, some discovery was made and, the docket indicates, the parties appeared to be preparing for trial. On April 14, 1986, defendant Sonya Eskew filed a motion for summary judgment. On July 11, 1986, defendant Sonya Eskew's motion for summary judgment was denied. In August 1986 defendant Sonya Eskew filed a motion to amend some of her pleadings and moved for a change of judge. This motion was sustained and by consent of the parties a special judge was designated to hear the action. On February 5, 1988, trial of the case was begun. For reasons we need not explore, a conflict of interest between defendant Jackie L. Eskew and his counsel was perceived. The trial was adjourned and counsel for defendant Jackie L. Eskew was permitted to withdraw. Apparently the case lay dormant until January 10, 1989, when one of the defendants moved for a resumption of the trial. Another judge was assigned to hear the cause on February 1, 1989. The cause was set for hearing on April 25, 1989.

On April 17, 1989, another attorney appeared for defendant Jackie L. Eskew. Mr. Eskew, as representative of the Estate of Lilliah Minter, withdrew the estate's claim to the account held by the plaintiff. On June 2, 1989, plaintiff again submitted its motion for summary judgment, which was sustained. The judgment entered re-

cites that the court has considered: 1) the pleadings; 2) plaintiff's motion for summary judgment with supporting affidavits; 3) defendant Sonya Eskew's motion to dismiss the action and her motion for summary judgment, filed without supporting affidavits; 4) a memorandum filed by defendant Sonya Eskew, and other various papers. The court found: 1) that there were no genuine issues as to any material fact pertaining to plaintiff's right to interplead funds held in its possession; 2) that plaintiff was entitled to judgment on its first amended petition for interpleader because the claims against plaintiff for the funds held by the plaintiff were such that plaintiff might be exposed to double or multiple liability. It was therefore ordered that plaintiff's motion for summary judgment be sustained and that plaintiff pay the balance of funds held in the trust account in question into the registry of the court. Thereupon, plaintiff was to stand discharged from all liability "as to the funds contained in [Mrs. Minter's] account."

Preliminarily, we have been obliged to look to our jurisdiction. Ordinarily, with the exception provided by Rule 74.01(b), an appellate court may not exercise its jurisdiction until the trial court has fully decided the issues presented to it, *Marks v. Marks,* 618 S.W.2d 249, 251 (Mo.App.1981), and this general rule applies to summary judgments. *Bell v. Garcia,* 639 S.W.2d 185, 188 (Mo.App.1982). The summary judgment entered by the trial court on June 9, 1989 does not dispose of defendant Eskew's counterclaim, and there is no express determination by the trial court that there is no just reason for delay, as required by Rule 74.01. *See Eyberg v. Shah,* 773 S.W.2d 887, 894–96 (Mo.App.1989). The appeal is premature and must be dismissed.

FLANIGAN, P.J., and MAUS, J., concurs.

SHRUM, J., not participating because not a member of the court when case was submitted.