Lila Dian **STAMATIOU, Respondent,**

v.

Dimitri Stamati **STAMATIOU, Appellant.**

No. WD 44831.

Missouri Court of Appeals,
Western District.

March 17, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
April 28, 1992.

Allen S. Russell, Rea & Russell, Kansas City, for appellant.

James D. Boggs, Zel M. Fischer, Kansas City, for respondent.

Before TURNAGE, P.J., and KENNEDY and BERREY, JJ.

TURNAGE, Presiding Judge.

Lila Diane Stamatiou brought an action against Dimitri Stamatiou for the dissolution of their marriage. The court dissolved the marriage and divided the marital property. On appeal to this court, the division of property was reversed and the cause was remanded with directions to reallocate property to Dimitri in lieu of a coin and precious metal collection which had been awarded to him but which was in fact missing. *In re Marriage of Stamatiou,* 798 S.W.2d 737 (Mo.App.1990). On remand, the court did not reallocate the property but awarded the chose in action for recovery of the missing coin and precious metal collection to Dimitri. Dimitri appeals and contends that the court failed to follow the mandate of this court. Decree affirmed as modified.

In the previous appeal this court held that there was insufficient evidence to find that Dimitri had taken from Lila a coin and precious metal collection valued at $54,000.00 after the parties separated but before the hearing on the dissolution.

Although the division of property was approved except for the collection, this court reversed the entire property division portion of the judgment and remanded the case with directions to the trial court to allocate the property in a fair and equitable manner in light of the fact that the coin collection had been lost with no evidence as to which of the parties, if either, had possession.

On remand the court held a hearing at the request of Dimitri and found that nine one hundred ounce silver bars with a value of $4,644.00 had been given to Dimitri by Lila after the first hearing. Lila testified that she found these bars in her home when she moved and because the decree had awarded the coin and precious metal collection to Dimitri she had their son deliver the bars to Dimitri. The evidence did not reveal the whereabouts of the remainder of the collection.

The court entered a decree identical to the decree first entered except with reference to the coin and precious metal collection. The court awarded Dimitri the silver bars given to him by Lila. The court also awarded him six Liberty coins with a value of $270.00 and five Kennedy half-dollars with a value of $2.50. The court further awarded Dimitri the chose in action for recovery of the coin and precious metal collection that disappeared while the parties were separated and the chose in action against any insurer for the insurance proceeds which might cover the collection. Dimitri appeals and contends that the court failed to comply with the mandate to reallocate the property in recognition of the fact that the coin and precious metal collection was missing.

Implicit in this court's opinion in the prior appeal was the direction to allocate oth-

er property to Dimitri in place of the coin and precious metal collection which could not be delivered to him because it was missing. The awarding to Dimitri of a chose in action for the recovery of the collection or for the recovery of possible insurance proceeds did not comply with this court's mandate.

This case has already engendered two appeals and in order to bring finality to this case this court will enter the judgment the trial court should have entered on remand.

■ The original value of the coins and precious metals collection was $54,505.00. The silver bars delivered to Dimitri had a value of $4,644.00 which leaves a value of $49,861.00 as the value of the missing coin and precious metal collection. There is no evidence as to the whereabouts of the remainder of the collection. At the same time there is a possibility that it may be located, or that a cause of action might be asserted for its loss, or for insurance proceeds to cover the loss. There was evidence of a homeowners policy which may provide coverage. This court previously ordered the allocation of other property to Dimitri to replace the value of the collection originally assigned to him. It would not be fair to allocate other property to Dimitri in the full value of his share of the remainder of the collection since that part of the collection is missing and both parties should bear the loss. On the other hand the title to the missing part of the collection should be allocated in case it is found, or a cause of action for its value or insurance coverage should be assigned in case suit for its recovery or value is brought or suit on the policy is filed. The party receiving the cause of action for the value or recovery of the missing part, or to recover the insurance proceeds, will receive only a contingent value. Because Lila was the last in possession of the collection, the cause of action for its recovery, value, or insurance proceeds should be awarded to her. To compensate for the contingent value of the award, Lila should not be charged with the full value of the missing part of the collection.

To compensate Dimitri for his share of the missing collection, he shall be awarded 25% of the $49,861.00 value or $12,466.00 which will be allocated to him from other assets. The missing part of the collection and the cause of action for its recovery, value, or insurance proceeds is assigned to Lila.

■ Dimitri makes one further complaint that the trial court should have disqualified itself when this cause was remanded because in the first decree the court had found in reference to certain testimony given by Dimitri that such testimony was not credible. Dimitri did not file any motion for change of judge prior to the second decree being entered and complains only that the judge should have disqualified himself sua sponte. There is no showing that the judge was interested in the case or related to either party or that he had acted as counsel in this case. Those are the only grounds in Rule 51.07 which requires a judge to disqualify himself without an application. The fact that the court indicated that certain testimony of Dimitri was not credible in the first decree does not indicate any ground which would require the judge to disqualify himself without application.

This cause is remanded with directions to enter the decree entered on April 10, 1991, with the following modifications: Amend paragraph 12 to award Lila $47,534.00 instead of $60,000.00 from the $89,452.00 in the Vanguard account and in checks payable by the Vanguard bank account to Dian Stamatiou and Elani Stamatiou and to award the balance of $41,918.00 to Dimitri; amend paragraph 13 by eliminating the award of six Liberty coins with a value of $270.00 and five Kennedy half-dollars with a value of $2.50 to Dimitri and to award those coins to Lila. The court is directed to award Lila the coin and precious metal collection, except for the bars now in the possession of Dimitri. The court shall award to Lila the chose in action for recovery of the portion of the coin and precious metal collection that is still missing and shall award her the chose in action against any insurance company for the recovery of

any insurance proceeds payable for the part of the coin and precious metal collection still missing.

Costs on this appeal are divided equally between the parties.

All concur.