Dian STAMATIOU, Respondent,

v.

EL GRECO STUDIOS, INC., Appellant.

No. WD 52341.

Missouri Court of Appeals,
Western District.

Oct. 22, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 26, 1996.

Application to Transfer Denied
Jan. 21, 1996.

Allen Russell, Kansas City, for appellant.

Keith Drill, Kansas City, for respondent.

SPINDEN, Judge.

El Greco Studios, Inc., appeals the circuit court's denial of its motion to vacate and set aside a judgment entered in an unlawful detainer action. We remand with instructions.

Dian and Dimitri Stamatiou [1] divorced in August 1989. Among the marital assets distributed by the circuit court were a parcel of commercial real estate and the corporation which had previously been doing business there. The circuit court awarded Dian the real estate and Dimitri sole ownership of El Greco Studios, Inc. Several appeals followed. While the first appeal was pending, Dian brought an unlawful detainer action against El Greco Studios. In July 1991, the circuit court issued an order directing El Greco Studios to make rental payments into the court registry and placed the unlawful detainer case on the court's inactive docket pending resolution of the appeals from the dissolution decree. Following resolution of the divorce appeals, the unlawful detainer action was tried in 1993, and the circuit court found for Dian and against El Greco Studios. El Greco Studios appealed, and this court affirmed the circuit court's judgment. *Stamatiou v. El Greco Studios, Inc.*, 898 S.W.2d 571 (Mo.App.1995).

In August 1994, Dimitri asked the circuit court to vacate and to set aside the judgment. Dimitri purported to be acting on El Greco Studios' behalf as its "Attorney Pro Se." In January 1996, the circuit court denied El Greco's motion. El Greco Studios appealed.

El Greco Studios complains that it was not properly notified that a senior judge had been assigned to its case and that it was denied its right to seek a change of judge. It

1. For the reader's ease, we refer to the parties by    their first names.

also complains that the trial court did not have jurisdiction to enter its January 1996 order because the judge who entered the order was retired and was not properly assigned to the case.

■ We do not reach any of El Greco Studios' points on appeal. The record shows that El Greco Studios' motion to vacate was not filed by a licensed attorney acting on behalf of the corporation; therefore, the motion was not properly before the circuit court.

■ A corporation cannot appear in a legal proceeding except through an attorney. *See Reed v. Labor and Industrial Relations Commission,* 789 S.W.2d 19, 21 (Mo. banc 1990); *Property Exchange & Sales, Inc. v. Bozarth,* 778 S.W.2d 1, 2 (Mo.App.1989); *Credit Card Corporation v. Jackson County Water Company,* 688 S.W.2d 809, 811 (Mo. App.1985); *Dobbs Houses, Inc., v. Brooks,* 641 S.W.2d 441, 443 (Mo.App.1982).

In *Reed,* the Missouri Supreme Court noted:

A corporation is not a natural person. It is an artificial entity created by law. Being an artificial entity it cannot appear or act in person. It must act in all its affairs through agents or representatives. *In legal matters, it must act, if at all, through licensed attorneys ....* (Emphasis added).

\* \* \* \* \* \*

Since a corporation cannot practice law, and can only act through the agency of natural persons, it follows that it can appear in court on its own behalf only through a licensed attorney. *It cannot appear by an officer of the corporation who is not an attorney, and may not even file a complaint except by an attorney,* whose authority to appear is presumed; in other words, a corporation cannot appear in propria persona. *A judgment rendered in such a proceeding is void.* (Emphasis added).

789 S.W.2d at 21 (quoting *Clark v. Austin,* 340 Mo. 467, 101 S.W.2d 977, 982–83 (1937))

An attorney did not file El Greco Studios' motion. Dimitri, purporting to act on behalf of the corporation as an "Attorney Pro Se"

filed it. Dimitri was not a party to the action or an attorney. He had no authority to act on El Greco Studios' behalf in any legal proceedings.

■ "[A] corporation cannot act in legal matters or maintain litigation without the benefit of an attorney." *Property Exchange,* 778 S.W.2d at 3. Filings by a lay person on behalf of a corporation will be considered untimely filed, null and void. *Reed,* 789 S.W.2d at 23.

The motion to vacate, therefore, was a nullity and was not properly before the circuit court. El Greco Studios' motion was not entitled to consideration, and the circuit court should have dismissed it without considering its allegations. We, therefore, remand with instructions that the circuit court vacate its order of January 1996 and that it dismiss El Greco Studios' motion for lack of jurisdiction to consider it.

ULRICH, C.J., P.J., and EDWIN H. SMITH, J., concur.