Lila Dian STAMATIOU, Respondent,

v.

Dimitri S. STAMATIOU, Appellant.

No. WD 53900.

Missouri Court of Appeals, Western District.

March 17, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 28, 1998.

Application for Transfer Denied June 16, 1998.

Dimitri S. Stamatiou, Kansas City, Appellant pro se.

Keith E. Drill, Cyrsch, Hobbs, Mirakian & Lee, P.C., Kansas City, for respondent.

LAURA DENVIR STITH, Presiding Judge.

Dimitri Stamatiou appeals the trial court's order dismissing his Motion for Writ of Possession in the dissolution of his marriage to Lila Dian Stamatiou. He alleges that the original dissolution decree entitled him to possession of certain real property. The property was in fact awarded to Mrs. Stamatiou in the decree. The bases he asserts why he has rights in the property are without merit. Accordingly, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Lila Dian Stamatiou and Dimitri Stamati Stamatiou were married on December 26, 1967. Their marriage was dissolved by order of the Clay County Circuit Court on August 29, 1989. As part of the property distribution, the court awarded Mr. Stamatiou the couple's marital interest of 100% ownership of El Greco Studios, Inc., d/b/a Greek Islands Restaurant. The court awarded Mrs. Stamatiou the real property and premises upon which Greek Islands Restaurant was located.

Mr. Stamatiou appealed the trial court's order of dissolution. While the appeal was pending, on February 28, 1990, Mrs. Stamatiou served Mr. Stamatiou with notice to vacate the real property on which Greek Islands Restaurant was located. She alleged that no written lease existed between herself as owner of the premises and El Greco Studios, Inc. ("El Greco"), and that any month-to-month tenancy would be terminated on April 1, 1990. On May 29, 1990, Mrs. Stamatiou filed an unlawful detainer action alleging that she had been paid no rent and that El Greco had no valid lease for the property. She requested that El Greco be made to vacate the property.

While the unlawful detainer action was still pending, this Court determined Mr. Stamatiou's appeal of the dissolution decree. We affirmed most aspects of the court below's judgment and division of property, including the award of the real property to Mrs. Stamatiou and the award of the corporation to Mr. Stamatiou, but we reversed and remanded as to certain unrelated portions of the original property distribution. *In re Marriage of Stamatiou*, 798 S.W.2d 737 (Mo.App. 1990) (*Stamatiou I*). Mr. Stamatiou appealed the trial court's amended division of property following remand. This Court slightly modified the trial court's order in respects not relevant here, and remanded for distribution of the property in accordance with both opinions. *Stamatiou v. Stamatiou*, 827 S.W.2d 739 (Mo.App.1992) (*Stamatiou II*). As directed, on July 10, 1992, the trial court entered its order awarding Mr. Stamatiou sole ownership of the corporation El Greco Studios, Inc., d/b/a Greek Islands Restaurant, and awarding Mrs. Stamatiou the real property upon which the restaurant was located.

Also in July 1992, the court in the unlawful detainer action ruled on Mr. Stamatiou's claims that El Greco had a valid written lease for operating Greek Islands Restaurant on the property awarded to Mrs. Stamatiou and ruled on Mrs. Stamatiou's claims for rent and possession. It determined that no written lease existed between El Greco and Mrs. Stamatiou. It also restored the property to Mrs. Stamatiou and ordered El Greco to pay back rent of $48,666.40. Mr. Stamatiou appealed these rulings.

At about this same time, in September 1992, Mr. Stamatiou filed a motion to modify his child support obligation and a motion for contempt against his former spouse, alleging that she had failed to return to him marital and non-marital property which she was ordered to give him in the July 10, 1992, decree. The trial court ordered Mrs. Stamatiou to pay certain sums, declined to modify the child support awarded, and specifically held that Mr. Stamatiou had failed to prove that his former spouse had refused to turn over to him his marital interest in El Greco, corporate records of El Greco, Greek personal property and real estate, and various items of personal property and household goods.

Mr. Stamatiou appealed both the ruling against him on his contempt and child support modification motions and the ruling for Mrs. Stamatiou in the unlawful detainer action. We affirmed the court's holding in the unlawful detainer action that El Greco had no valid written lease for use of the property in question and that it owed back rent and was required to vacate the premises in *Stamatiou v. El Greco Studios, Inc.*, 898 S.W.2d 571 (Mo.App.1995) *(Stamatiou III)*. We affirmed the dissolution court's denial of Mr. Stamatiou's motions for contempt and for modification of child support by memorandum order in *Stamatiou v. Stamatiou*, 914 S.W.2d 815 (Mo.App.1995) *(Stamatiou IV)*.

El Greco later filed a motion to vacate and set aside the unlawful detainer judgment. Mr. Stamatiou purported to act on behalf of the corporation in that action. The motion to vacate was denied. On appeal, we noted that Mr. Stamatiou, who is not an attorney, had no authority to represent El Greco, and we remanded with directions to the trial court to dismiss the suit for lack of jurisdiction. *Stamatiou v. El Greco Studios, Inc.*, 935 S.W.2d 701 (Mo.App.1996) *(Stamatiou V)*.

Thus, by March, 1996, the courts had affirmed the award to Mrs. Stamatiou of the real estate on which Greek Islands Restaurant was located, had ruled that El Greco had no lease for the operation of the Greek Islands Restaurant on that property, had ordered El Greco to pay rental for its past operation of the restaurant on the property and ordered the property to be restored to Mrs. Stamatiou, and had ruled that Mr. Stamatiou had received the items which he was ordered to receive in the dissolution from Mrs. Stamatiou.

Nonetheless, on March 12, 1996, Mr. Stamatiou filed the instant Motion for Writ of Possession in the dissolution action. He alleged that the dissolution decree had ordered Mrs. Stamatiou to convey possession of the real property on which Greek Islands Restaurant was located to him and that she had failed to do so and that she had failed to honor El Greco's valid lease of the premises. The trial court granted Mrs. Stamatiou's motion to dismiss, noting that the dissolution action was not the venue for determination of business dealings between the El Greco corporation and Mrs. Stamatiou. This appeal followed.

## II. MR. STAMATIOU'S CLAIMS ON APPEAL

Mr. Stamatiou's claims in his Motion and on appeal are difficult to summarize, for many of them are based on his evident continuing misunderstanding of the dissolution decree. Apparently, Mr. Stamatiou believes that in the dissolution decree the court ordered Mrs. Stamatiou to convey the real property to him in exchange for Mr. Stamatiou's payment of $150,000. He also appears to believe that, in order to ensure Mr. Stamatiou's payment of this $150,000 sum, the dissolution court granted Mrs. Stamatiou a judicial lien on the land. He also referred at oral argument and in his brief to the fact that his liquor license required him to own the property on which the restaurant was located. Mr. Stamatiou's motion therefore requests the court "to issue its Writ of Possession to put the party Creditor into possession of the premises, to the exclusion of all others. . . ."

Mr. Stamatiou's claims are based on a fundamental misunderstanding of the dissolution court's decree. The decree stated:

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

. . . .

2. The marital interest consisting of the 100% ownership of El Greco Studios, Inc., d/b/a Greek Islands Restaurant with a value of $150,000.00 be and hereby is awarded to the Respondent [Mr. Stamatiou].

3. The commercial real estate located in Jackson County, Missouri with a value of $180,000.00 and the legal description as set forth in Paragraph I, sub-paragraph "c", be and hereby is awarded solely unto the Petitioner [Mrs. Stamatiou].

As is evident, the decree gave Mr. Stamatiou absolutely no rights to the real property on which Greek Islands Restaurant was located. The court simply placed a value of $150,000 on the couple's ownership interest in the corporation known as El Greco Studios, Inc., and awarded Mr. Stamatiou that asset. The

court placed a value of $180,000 on the couple's ownership interest in the real estate, and awarded Mrs. Stamatiou that asset. There is no lien on the property in favor of Mrs. Stamatiou resulting from the decree; rather, the property is made hers outright. Neither this nor any other decree cited by the parties gives Mr. Stamatiou any right to the property or to operate a restaurant thereon. Mr. Stamatiou's claim that he was required to own the property in order to maintain his liquor license was an issue which should have been raised in his initial appeal of the property distribution.

Mr. Stamatiou also refers in his Motion and in his brief on appeal to an existing lease contract for El Greco relating to the real estate upon which Greek Islands Restaurant was located. He claimed at oral argument and in his brief that such a lease had been filed with the Liquor Authorities. In his brief, he requests the Court to remand with directions ordering Mrs. Stamatiou to assign the lease contract to him. He does not claim that he personally had a lease on the real estate from Mrs. Stamatiou.

■■■ As we previously ruled in our decision in *Stamatiou V*, Mr. Stamatiou is not an attorney and would have no authority to assert the rights of the corporation, El Greco Studios, Inc., to the property pursuant to a lease. Moreover, El Greco is not a party to this suit, which was filed as a post-decree motion in the original dissolution action. Finally, in *Stamatiou III* we affirmed the trial court's ruling that El Greco had no valid written lease for the property in question. Evidence regarding filings with the Liquor Authorities was considered by the Court in that action and the issues were resolved against El Greco. Thus, even if El Greco were a party to this action, and even if it were represented by an attorney, it would be barred by the doctrine of claim preclusion from arguing that any lease exists between

the corporation and Mrs. Stamatiou because that issue has already been litigated and a final judgment entered against El Greco Studios, Inc.[1] That claim may not be relitigated now.

■ Mr. Stamatiou also appears to be claiming that Mrs. Stamatiou failed to deliver to him various items of personal property awarded to him in the dissolution decree. Mr. Stamatiou's Motion claims that the judgment:

> dictated to debtor [Mrs. Stamatiou], in the implied covenant of the judgment, to quitclaim a release convey and assign, the claimed rights and interest to creditor [Mr. Stamatiou] to wit:
>
> (a) fifty percent of Corporate shares
>
> (b) the goods located in and out of the business premises
>
> (c) the chattels located in and out of the business premises.

Again, Mr. Stamatiou is barred by the doctrine of claim preclusion from claiming that Mrs. Stamatiou failed to deliver personal property to Mr. Stamatiou as she was ordered to do in the dissolution decree. The claims he now makes were already determined adversely to him in *Stamatiou IV*. Therefore, there has been a final judgment between Mr. Stamatiou and Mrs. Stamatiou on the claim that she failed to deliver personal property to him as required by the dissolution decree, and Mr. Stamatiou may not relitigate that claim now. As already noted, Mr. Stamatiou has no authority to litigate any duties she may have to the corporation in this action, to which the corporation is not a party.

In sum, Mr. Stamatiou was granted El Greco Studios, Inc. in the dissolution, and it has the right to operate Greek Islands Restaurant or other corporate business if it leases a location in which to operate. Mr. Stamatiou has no right to do business at the location he formerly operated Greek Islands

---

1. . Claim preclusion, or res judicata, bars the relitigation of a cause of action after a final judgment on the merits in a proceeding between the same parties or those in privity with them. *Jordan v. Kansas City, Missouri*, 929 S.W.2d 882 (Mo.App.1996). The rationales for this rule include:

> (1) relieving parties of the cost and vexation of multiple lawsuits; (2) conserving judicial resources; and (3) encouraging reliance on adjudications. The doctrine is based upon the principle that a party should not be able to relitigate, in a second proceeding, a claim which was, or which should have been, litigated in a previous proceeding.

*Id.* at 886.

Restaurant, as that property belongs to Mrs. Stamatiou and she has determined not to lease that property to him. The courts have determined that Mr. Stamatiou has received all other marital and separate property to which he was entitled as a result of the dissolution and which was in his former spouse's possession or control. He is entitled to no relief on his claims in this Writ of Possession motion.

The litigation we have summarized here is only a small part of the litigation filed by Mr. Stamatiou over the last decade. Those of Mr. Stamatiou's suits we have discussed here seem to be based on his failure to understand the basic division of property in his dissolution decree and his failure to understand that under the decree neither he nor El Greco have any interest in the real property awarded to his former spouse in the dissolution, that he cannot represent El Greco in its claims, and that the courts have already held that El Greco has no valid lease on the property. We hope that we have made these facts clear in this opinion. Further litigation concerning these matters, already determined adversely to Mr. Stamatiou and to El Greco on at least two occasions, could well result in sanctions for the filing of a frivolous lawsuit.

HANNA and EDWIN H. SMITH, JJ., concur.