AMWEST SURETY INSURANCE COMPANY, Respondent.

v.

Dimitri S. STAMATIOU, Appellant,

No. WD 55276.

Missouri Court of Appeals, Western District.

May 18, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 29, 1999.

Application for Transfer Denied Aug. 24, 1999.

---

Lawrence Lerner, Kansas City, for Respondent.

Dimitri Stamatiou, Kansas City, Appellant Acting pro se.

Before Presiding Judge LAURA DENVIR STITH, Judge HAROLD L. LOWENSTEIN and Judge JAMES M. SMART, Jr.

LAURA DENVIR STITH, Presiding Judge.

The trial court granted Plaintiff–Respondent Amwest's motion for summary judgment in an interpleader action filed by Amwest in order to settle the conflicting claims of Defendant–Appellant, Dimitri Stamatiou, and his former spouse, Dian Stamatiou, to the proceeds of a $25,000 supersedeas bond that Amwest issued for an appeal taken in an unlawful detainer action involving the Stamatious and El Greco Studios, Inc. The trial court dismissed and discharged Amwest in this interpleader action on May 15, 1997, once it determined that the requirements for interpleader were met and that Amwest had paid into the court the full amount of its appeal bond, $25,000. In December 1997, the interpleader court awarded the full amount of the bond to Mrs. Stamatiou. Mr. Stamatiou appeals the December 1997 judgment as to Amwest only; he does not appeal the award of the bond to Mrs. Stamatiou. Mr. Stamatiou argues that Amwest should have paid him because of errors in the unlawful detainer case in which the appeal bond was originally filed. Amwest argues that the appeal is untimely, as it should have been taken within 10 days after the court's May 15, 1997 ruling discharging it as a party became final, rather than within 10 days after the court's December 1997 determination that Mrs. Stamatiou was entitled to the bond amount Amwest had paid into court, became final.

## I. FACTUAL AND PROCEDURAL BACKGROUND

El Greco Studios, Inc. d/b/a Greek Islands Restaurant, is owned by Mr. Stamatiou. The property on which it is situated was awarded to Mrs. Stamatiou in their dissolution action, as detailed in prior opinions of this Court.[1] In 1993, Mrs. Stamatiou filed an unlawful detainer action in which she sought to remove El Greco Studios from the property for non-payment of rent.

On August 6, 1993, judgment in the unlawful detainer action was rendered for Mrs. Stamatiou and she was granted immediate possession of the property. On September 16, 1993, a $25,000 supersedeas bond was issued by Amwest, as surety, and by Mr. Stamatiou, as principal, so that El Greco could appeal the unlawful detainer judgment. On appeal, this Court affirmed the circuit court's judgment. *Stamatiou v. El Greco Studios, Inc.*, 898 S.W.2d 571 (Mo.App.1995). Thereafter, Mr. Stamatiou, acting on El Greco's behalf as "Attorney Pro Se," filed a motion to vacate and set aside the unlawful detainer judgment, alleging it had been procured through various improper means. The circuit court denied the motion, and Mr. Stamatiou appealed for El Greco. Because Mr. Stamatiou, as a non-lawyer, could not represent the El Greco corporation or act on its behalf in any legal proceedings, we remanded with instructions that the circuit court vacate its order denying El Greco's motion to vacate or set aside the unlawful detainer judgment and instead dismiss that action for lack of jurisdiction. *Stamatiou v. El Greco Studios, Inc.*, 935 S.W.2d 701 (Mo.App.1996).

On July 7, 1995, Mrs. Stamatiou moved for judgment against Amwest, as surety, on the $25,000 appeal bond paid out in 1993 for appeal of the original unlawful detainer action. On January 15, 1996, the circuit court entered judgment in favor of Mrs. Stamatiou and against Amwest for the total amount of the appeal bond, $25,000. Shortly thereafter, Mr. Stamatiou notified Amwest of his objection to any payment of the bond to Mrs. Stamatiou. He asserted that the bond was not properly issued because, since this Court, in its 1996 ruling, had determined that he was not a proper party to the unlawful detainer action, he therefore should not have paid the bond, and thus should get it back.

---

1. *In re Marriage of Stamatiou*, 798 S.W.2d 737 (Mo.App.1990); *Stamatiou v. Stamatiou*, 827 S.W.2d 739 (Mo.App.1992); *Stamatiou v. El Greco Studios, Inc.*, 898 S.W.2d 571 (Mo. App.1995); *Stamatiou v. El Greco Studios, Inc.*, 935 S.W.2d 701 (Mo.App.1996). *Stamatiou v. Stamatiou*, 967 S.W.2d 229 (Mo.App. 1998).

On July 18, 1996, Amwest filed this interpleader action, noting that Mr. and Mrs. Stamatiou each made conflicting claims to the proceeds of the bond. Amwest further asserted that it had no interest in the proceeds and that the claimants should be required to interplead and settle the matter between themselves. Pursuant to court order, Amwest paid the full $25,000 amount of the appeal bond into court. It then filed a motion for summary judgment, dismissal and discharge in the action, asserting it had fulfilled all of its obligations by paying into the court the full amount of the bond, and that there were no facts left to resolve in its favor because it had requested no fees or costs in the interpleader action. Mr. Stamatiou filed a counterclaim to Amwest's motion for summary judgment, asserting the bond was not proper because he had not been named individually as a party in the unlawful detainer proceeding. He argued that Amwest had thus breached its obligation to him by issuing the bond, and Mrs. Stamatiou had no right to the money, so he should be paid the full bond amount.

On May 15, 1997, the interpleader court granted Amwest's motion for summary judgment and dismissed Mr. Stamatiou's counterclaim. In so doing, it found the interpleader action proper because there were two competing claims to the money, and thus, Amwest, having paid the full amount of the bond into court, had an absolute defense and bar to the counterclaim. The court ordered that Amwest be discharged and dismissed as a party in the matter. Mr. Stamatiou filed a Petition for Review in the circuit court of Jackson County asking the court to vacate and set aside both its own May 15, 1997 order granting summary judgment to Amwest, as well as the earlier judgment in the unlawful detainer action, alleging fraud in their procurement. The petition was denied August 1, 1997.

On July 25, 1997, a hearing was held before the circuit court to settle the competing claims of Mr. and Mrs. Stamatiou to the appeal bond. On December 18, 1997, the court entered judgment in favor of Mrs. Stamatiou and ordered payment of the bond proceeds to her. Mr. Stamatiou appeals the court's December 18, 1997 judgment, but on appeal argues only against the earlier dismissal of Amwest; he does not raise any claim of error in the court's award of the bond proceeds to Mrs. Stamatiou in its December 18, 1997 judgment.

## II. STANDARD OF REVIEW

■ We will sustain the judgment of the trial court unless the judgment is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

## III. LEGAL ANALYSIS

Amwest argues we should dismiss the appeal as untimely because the summary judgment entered in its favor on May 15, 1997, dismissing it from further liability in the interpleader action, was a final and appealable judgment, and Mr. Stamatiou failed to timely appeal that judgment. We agree with Amwest that, if Mr. Stamatiou wished to appeal the court's May 15, 1997 ruling that interpleader was proper, that Amwest had paid its full obligation into court, and that Mr. Stamatiou's counterclaim was meritless, he was required to raise it by appealing at that time, and cannot raise it now upon appeal of the court's later and separate judgment determining which of the two claimants is entitled to the fund.

■ This ruling follows from the fact that "the purpose of an interpleader action is to adjudicate the distribution of funds held by a disinterested stakeholder who is faced with conflicting and competing claims regarding disbursement of the fund." *Community Title Co. of St. Louis v. Lieberman Management Co.*, 817 S.W.2d 255, 258 (Mo.App.1991). The remedy of interpleader is based on the theory that conflicting claimants should litigate the matter among themselves without involving the stakeholder in their dispute

and that the party seeking interpleader may completely "buy his peace" and be discharged from further liability by paying the money claimed into court. 48 C.J.S. Interpleader § 2 (1981).

■ As such, an interpleader action involves two successive litigations, one between the parties seeking interpleader and the rival claimants on the issue of the propriety of interpleader, and a second between the rival claimants on their conflicting claims. *Philadelphia Life Ins. Co. v. Moffat,* 783 S.W.2d 133, 135 (Mo.App. 1989). For this reason, the subjects of the two interpleader litigations require wholly separate pleadings and separate proofs. *Meredith v. Meredith,* 235 Mo.App. 1010, 148 S.W.2d 611, 618 (1941). In the first phase, the court determines whether the requirements for interpleader have been met. If the requirements are met, and if the stakeholder has paid the money alleged to be owing into court and all counterclaims by defendants are disposed of by the court, the court issues a judgment sustaining the bill of interpleader and discharging the stakeholder from further liability, thus leaving the claimants to the money to litigate their claims between themselves in the second litigation. *Id.See also American Life & Acc. Ins. Co. v. Morris,* 281 S.W.2d 601, 603 (Mo.App. 1955) (there can be no final judgment and no appeal until the stakeholder has paid the money alleged to be owing into court and has been discharged); *Savings of Am. v. Eskew,* 801 S.W.2d 483 (Mo.App.1990) (appeal from summary judgment in interpleader action premature only because court failed to dispose of counterclaim by one of the defendants).

■ Where all requirements for interpleader are met and the money is paid into court and counterclaims are determined, the order dismissing the stakeholder is a final judgment which may be appealed. *Hyer v. Baker,* 130 S.W.2d 516, 517 (Mo. banc 1939) (the order to interplead which permits the stakeholder to deposit the money in dispute with the court, discharging it from further liability, is a final judgment which may be appealed); *Northwestern Nat'l Ins. Co. v. Mildenberger,* 359 S.W.2d 380 (Mo.App.1962) (the failure to enter a decree dismissing the party seeking interpleader upon deposit of the funds in question into the court precludes any judgment at the interpleader stage from being "final"); *Heinrich v. South Side Nat'l Bank in St. Louis,* 363 Mo. 220, 250 S.W.2d 345 (banc 1952) (there can be no final judgment at interpleader stage unless stakeholder has been discharged). Therefore, the time to appeal the order dismissing the stakeholder from further liability begins to run as soon as the judgment so ordering becomes final. Rule 81.04(a).

■ Here, on May 15, 1997, the court below found the interpleader action filed by Amwest to be proper, disposed of Amwest as a party, and dismissed with prejudice Mr. Stamatiou's counterclaim against Amwest. Any challenge to the dismissal of Amwest as a party should have been made through an appeal within 10 days after that ruling became final. Having failed to appeal that ruling in a timely manner, Mr. Stamatiou cannot now raise that issue on this appeal of the court's December 18, 1997 judgment awarding the bond funds to Mrs. Stamatiou and denying his claim to the funds.[2] On this appeal of

2. Even were we permitted to reach the issue of the correctness of the May 15, 1997 judgment dismissing Amwest, we would not find it erroneous. Once an interpleader is filed, the only issue which can be litigated as between the stakeholder and the claimants is the right of the stakeholder to compel interpleader. *Hyer v. Baker,* 130 S.W.2d 516 (Mo. banc 1939). There are only two requirements for a proper interpleader: (1) two or more persons have claims against the stakeholder; and (2) the claims are of such a nature that the stake-

holder is or may be exposed to double or multiple liability. *Ins. Co. of N. Am. v. Skyway Aviation, Inc.,* 828 S.W.2d 888, 894 (Mo. App.1992). Both of these requirements are met here, and it is uncontested that Amwest paid the full amount of the bond into court and the counterclaim was determined and dismissed. Even assuming that the earlier unlawful detainer action was wrongly decided or that Mr. Stamatiou should not have been required to post the bond in El Greco's appeal of that action, Amwest had thus bought its

the December 18, 1997 judgment, the only issues we may address are those concerning the trial court's award of the bond funds to Mrs. Stamatiou by that order. Mr. Stamatiou has not briefed or argued any claim that this order was erroneous, however, and at oral argument affirmed he did not intend to appeal the decision to grant Mrs. Stamatiou the bond money. We are thus presented with no arguments which could support reversal of the December 18, 1997 judgment. For these reasons, we affirm.

Judge HAROLD L. LOWENSTEIN and Judge ALBERT A. RIEDERER, concur.

peace by paying the bond amount into court and was entitled to dismissal.