

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| FARMERS INSURANCE COMPANY, INC., | ) ) ) | |
| Appellant, | ) ) | |
| v. | ) ) | WD84881 |
| JILL MABIE, ET AL., | ) ) | Opinion filed: August 23, 2022 |
| Respondents. | ) ) | |

**APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**THE HONORABLE CORY L. ATKINS, JUDGE**

Division Three: Cynthia L. Martin, Presiding Judge,
Lisa White Hardwick, Judge and W. Douglas Thomson, Judge

Farmers Insurance Company, Inc. ("Farmers") appeals the trial court's judgment dismissing its amended petition for interpleader for failure to state a claim. On appeal, Farmers argues that the trial court erred in entering judgment because Farmers properly alleged all necessary elements of interpleader. We reverse and remand for further proceedings consistent with this opinion.

**Factual and Procedural Background**[1]

On September 12, 2020, Samona Mason ("Mason") was driving a Kia Soul with Latiste Lee ("Lee") as a passenger. Mason's vehicle collided with a vehicle driven by Charles Mabie ("Decedent"), who was killed as a result of the crash. Decedent's minor son, T.M. was a passenger in Decedent's vehicle. T.M. and Lee both suffered injuries. Jill Mabie ("Mabie") is the surviving spouse of Decedent and T.M.'s mother.[2]

The Kia Soul driven by Mason at the time of the crash was a rental car. Mason was insured by Farmers under a personal auto policy ("Policy"). Neither party disputes that the Policy applies to this accident. Pursuant to the Policy, Mason has liability coverage subject to bodily injury limits of $25,000 per person and $50,000 per accident.

On October 12, 2020, Farmers sent Decedent's family a letter offering to pay the $25,000 limit to Decedent's estate. Counsel for Mabie and T.M. sent a letter to Farmers on November 4, 2020, stating "[o]ur client, on behalf of the wrongful death estate and as next friend, is willing to accept the offered $25,000 for both claims under the attached agreement… If accepted, our client will work out the distribution of the $25,000 between the two claims." The attached agreement included provisions that Mabie and T.M. would seek satisfaction of any judgment only from an insurance company, including any potential bad faith claims, which, as part of the agreement,

---

[1] "When this Court reviews the dismissal of a petition for failure to state a claim, the facts contained in the petition are treated as true and they are construed liberally in favor of the plaintiffs. *Lynch v. Lynch*, 260 S.W.3d 834, 836 (Mo. banc 2008). Accordingly, the facts are taken from Farmers' first amended petition and exhibits attached thereto. Because we assume the facts in the light most favorable to the plaintiff, this opinion should not be read as making factual findings binding upon remand.

[2] Mabie, T.M., and Lee are collectively referred to as "Respondents."

2

Farmers' insured would assign to Mabie and T.M. upon request. The proposed agreement also included a provision stating that the agreement could "not be used in any way as a defense to or in mitigation of any claim for damages" brought by either Mabie or Farmers' insured, and required the parties to consent to binding arbitration.

On November 17, 2020, Lee's counsel sent a letter to Farmers in which Lee withdrew a previous demand to settle for "all applicable policy limits." Instead, Lee demanded $25,000 to settle her claims against Farmers provided that Farmers agreed to execute an agreement upon terms nearly identical to the agreement proposed by Mabie and T.M.

On December 4, 2020, Farmers responded to Respondents' demands for settlement. Farmers declined to sign Respondents' proposed settlement agreements and instead proposed its own settlement agreements.[3]

Respondents rejected Farmers proposed settlement offer on December 14, 2020. Respondents proposed another settlement agreement that was substantially similar to the agreement they separately proposed in November, except this proposed agreement did not release Farmers' insured, Mason. Respondents explained that they were still investigating claims against other potential insurers as a result of Mason driving a rented vehicle at the time of the collision. Farmers declined to sign that agreement on December 29, 2020 and proposed modifications to the settlement agreement, which included a provision making Mason a third-party beneficiary of the

_____

[3] The agreement proposed by Farmers was substantially similar to the agreement proposed by Respondents, except that Farmers removed the provision that the agreement could not be used in any way as a defense or in mitigation of any claim for damages.

3

agreement. Further, Farmers acknowledged Respondents desire to investigate the possibility of additional coverage(s) other than the Policy. In later correspondence, Farmers reiterated the desire to resolve the matter based on its December 29, 2020 correspondence, but noted the fast-approaching deadline for it to file an interpleader action to resolve the coverage provided by its Policy.[4] Respondents did not accept Farmers' offer to settle on the modified terms.

Farmers then filed its petition for interpleader on January 12, 2021 against Mabie, T.M., Lee, and Mason.[5] Respondents filed motions to dismiss. Farmers then filed a first amended petition for interpleader. Respondents again filed motions to dismiss. The trial court granted Respondents' motions to dismiss on August 19, 2021. In its entirety, the trial court's order read:

> Before this Court is Defendants Mabie, T.M, and Lee's motion to dismiss for failing to state a cause of action. Taking into consideration all the pleadings and arguments, the Court hereby **GRANTS** Defendants' motion for failing to state a cause of action. Accordingly, Plaintiff's Amended Petition is dismissed with prejudice.[6]

Farmers timely appeals.

**Standard of Review**

---

[4] Section 507.060 requires an interpleader action be filed "within ninety days after receiving the first offer of settlement or demand for payment by a claimant." Farmers alleged in its amended petition that it first received a demand for payment on October 15, 2020. Farmers filed its original interpleader petition on January 12, 2021, within the 90-day limit.

[5] Appellant voluntarily dismissed Mason from its petition for interpleader on August 27, 2021. That dismissal is not challenged in this appeal.

[6] Though not decisive in our decision, we cannot ascertain from the record whether the trial court held a hearing on Respondents' motions to dismiss prior to issuing its ruling. The trial court held a case management conference on August 12, 2021 and granted Respondents' motions to dismiss on August 19, 2021. It is unclear whether the trial court heard argument on the Respondents' motions to dismiss at the case management conference as it was either not heard on the record or such record was not provided to us.

This Court reviews a trial court's sustaining of a motion to dismiss *de novo*. *Mitchell v. Phillips*, 596 S.W.3d 120, 122 (Mo. banc 2020). "A motion to dismiss for failure to state a claim on which relief can be granted is solely a test of the adequacy of the petition." *Id.* This Court will also consider all exhibits attached to the petition. Rule 55.12.[7] In considering whether a petition states a claim upon which relief can be granted, "this Court must accept all properly pleaded facts as true, giving the pleadings their broadest intendment, and construe all allegations favorably to the pleader." *Mitchell*, 596 S.W.3d at 122-23. At this stage, this Court cannot determine the merits of a claim; rather, this Court determines only whether the pleaded facts are sufficient to state a cognizable cause of action or claim for relief. *Id.* at 122.[8]

## Analysis

In its sole point on appeal, Farmers contends that the trial court erred in granting Respondents' motions to dismiss because Farmers stated sufficient facts entitling it to interpleader. Farmers argues there are only two requirements to

---

[7] All rule references are to the Missouri Rules of Civil Procedure (2020), unless otherwise indicated.

[8] Respondents argue that the standard of review should be abuse of discretion and cite *Brady v. Ansehl*, 787 S.W.2d 823 (Mo. E.D. 1990) in support of their contention. While *Brady* can possibly be read to modify the standard of review from *de novo* to abuse of discretion, we choose not to follow Brady in this regard. In *Brady*, a subject-matter jurisdiction case, the court held that a "trial court lacks the power to dismiss the petition for interpleader if the dispute is real and substantial." *Id.* at 825. The court further determined that "the circuit court could hear this interpleader action as long as the requirements for interpleader were met." *Id.* Rather than imposing a different standard of review, the *Brady* court essentially articulated a *de novo* review of interpleader actions: if a party properly pleads facts entitling them to interpleader, then the circuit court could not dismiss the interpleader action. *Id.* Further, we find no case following the *Brady* standard of review in this regard, nor do Respondents direct us to such a case. Rather, Missouri courts have applied the *de novo* standard of review to motions to dismiss interpleader actions prior to and after *Brady*. *See, e.g., Plaza Exp. Co. v. Galloway*, 280 S.W.2d 17, 20-21 (Mo. banc 1955) ("The sole question, then, is whether plaintiffs have stated facts authorizing the relief provided for in the statute."); *Armistead v. A.L.W. Group*, 155 S.W.3d 814, 816 (Mo. App. E.D. 2005).

sufficiently state interpleader: "(1) two or more persons [have] colorable claims against the plaintiff or its insured; and (2) the claims are of such a nature that plaintiff or its insured is or may be exposed to double or multiple liability." We agree.

Interpleader is governed by Section 507.060[9] and Rule 52.07. Section 507.060 states in part:

1. Persons having claims against the plaintiff or plaintiff's insured may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to multiple liability, including multiple claims against the same insurance coverage.

Similarly, Rule 52.07 states, "Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability."

"The trial court lacks the power to dismiss the petition for interpleader if the dispute is real and substantial." *General Am. Life Ins. Co. v. Wiest*, 567 S.W.2d 341, 344 (Mo. App. 1978). Additionally, a trial court should not "consider the merits of the rival claims beyond the point necessary to determine whether the dispute alleged is real and substantial or merely frivolous and colorable. *Id.* at 345.

"[A]n interpleader action involves two successive litigations." *Amwest Sur. Ins. Co. v. Stamatiou*, 996 S.W.2d 708, 712 (Mo. App. W.D. 1999). In the first litigation, the "court determines whether the requirements for interpleader have been met." *Id.* The second phase of litigation "leav[es] the claimants to the money to litigate their claims between themselves." *Id.* As such, the two successive litigations "require

---

[9] All statutory references are to RSMo 2016, as updated by supplement unless otherwise indicated.

6

wholly separate pleadings and separate proofs." *Id.* This appeal concerns the first phase of an interpleader action, where we are tasked with determining whether Farmers met the requirements for an interpleader action.

"[T]here are only two vital facts which must appear from the averments in plaintiffs' statement of their claim." *Plaza Exp. Co. v. Galloway*, 280 S.W.2d 17, 20-21 (Mo. banc 1955). First, "that persons have claims against the party," and second, "that those claims are of such nature that the party may be exposed to double liability." *General Am. Life Ins. Co.*, 567 S.W.2d at 344 (collecting cases). Additionally, "the right to interpleader depends upon whether the stakeholder [here, Farmers] has a good faith fear of adverse claims, regardless of the merits of those claims or whether the stakeholder himself believes them to be meritorious." *Id.* at 344, n.1. "Any speculation as to the merits of the alleged claims beyond the point necessary to determine whether the stakeholder 'legitimately' fears multiple vexation with respect to a single liability and is therefore entitled to interpleader is premature." *Id.*

Farmers' amended petition for interpleader meets the threshold requirements under Section 507.060. First, Farmers' amended petition alleges that three people have claims against the Policy: Mabie for the wrongful death of Decedent, T.M. for personal injuries, and Lee for personal injuries. None of these claims have been settled, despite the parties engaging in settlement discussions. Therefore, Decedent, T.M., and Lee each continue to possess independent claims subject to the $25,000

bodily injury Policy limit, yet the overall coverage extends to only $50,000 per accident.

Second, Farmers alleged in their amended petition that it or its insured may be exposed to multiple liability. Farmers has alleged that Respondents have declined to resolve the claim solely for the limits of the Policy even though Farmers has continuously offered to pay such limits. Indeed, in their November 4, 2020 letter, attached to Farmers' amended petition, Mabie and T.M. acknowledged that they have two separate claims: one for the wrongful death of Decedent and one for T.M.'s personal injuries.[10] Farmers has alleged that Lee also made demands to recover "policy limits" from Farmers. As such, Farmers alleged that those three claims could expose Farmers and/or its insured, Mason, to multiple liability, including multiple claims against the same insurance coverage. Farmers' amended petition alleged that, as a result of the September 12, 2020 accident, Mabie, T.M., and Lee all have actual or potential individual claims subject to the Policy's $25,000 bodily injury limit, and that those claims could exceed the Policy's $50,000 per accident limit. Here, Farmers alleges a dispute over the distribution of the Policy limits that is real and substantial. Moreover, in placing added obligations and liabilities upon any resolution, no Respondent, let alone all Respondents, has agreed how to divide *only* the limited pool of funds, which leaves Farmers with a continued concern of exposure to multiple liability. This comports with Section 507.060, which allows for interpleader when

---

[10] Notably, it is alleged by Farmers that Mabie and T.M. stated that if Farmers accepted their offer, "[Mabie] will work out the distribution of the $25,000 between the two claims." However, the terms of this offer continued to expose Farmers and/or its insured to multiple liability for the reasons described, *supra*.

claims are such that the plaintiff is or may be exposed to multiple liability, *including multiple claims against the same insurance coverage.*

Further, it is premature at this stage to determine whether all three of these claims are meritorious, or will in total actually result in a judgment in excess of the Policy's $50,000 limit; that is a question for the second stage of the interpleader action, where the Respondents will litigate their claims over the Policy funds between themselves. At this point, Farmers has sufficiently alleged that it has a good faith fear of three claims that may exceed the limits of the Policy. In giving the pleadings their broadest intendment and construing all allegations favorably to the pleader, we find that Farmers has met this threshold requirement.

Respondents argue that Farmers cannot utilize Section 507.060 to interplead the Policy's funds. In their brief, Respondents state:

> Farmers alleges that those three persons had claims against Mason. But Farmers did not allege that any of these defendants had claims against Farmers. And they do not have claims against Farmers…. Of course, Respondents have bodily injury claims against Mason. But the statute does not allow Farmers to interplead funds just because its *insured* might be exposed to multiple liability. The statute allows Farmers to interplead funds only if the claims exposed *Farmers* to multiple liability.

Resp Br. p.12 (emphasis in original). In other words, Respondents argue that it is insufficient in this case that Farmers' *insured* might be exposed to multiple liability, a possibility which Respondents notably seem to concede does indeed exist.

The plain language of Section 507.060 refutes Respondents' argument. Section 507.060 states that "[p]ersons having claims against the plaintiff *or plaintiff's insured* may be joined as defendants and required to interplead when their claims are such

9

that the plaintiff is or may be exposed to multiple liability, *including multiple claims against the same insurance coverage…*" (emphasis added). Respondents appear to base their argument on the phrase "the plaintiff is or may be exposed to multiple liability" and argue that in this case, Farmers, the plaintiff herein, simply cannot be exposed to multiple liability because it has limits to its coverage. Rather, they argue, it is Farmers' *insured* who bears this exposure, and the *insured* is not the plaintiff herein. In making such argument, however, Respondents ignore the final portion of the statute, which states that plaintiff's exposure includes "multiple claims against the same insurance coverage." Here, Farmers has sufficiently pled a claim for interpleader because it alleges that it is exposed to multiple claims against the same insurance coverage. Farmers does not need to allege that Respondents have claims against Farmers directly, nor does the statute require that Farmers' insured be the plaintiff in the interpleader action.

Respondents also argue that Section 507.060 requires Farmers to plead additional facts; namely, they state that "(1) Respondents' offers were conflicting; (2) Respondents are rival claimants seeking the same proceeds; or (3) Respondents have any dispute over apportionment of the proceeds. [sic]"[11]

---

[11] Respondents do not cite to any authority to support its contention that these are additional elements of an interpleader action. Respondents cite *Armistead v. A.L.W. Grp.*, 155 S.W.3d 814 (Mo. App. E.D. 2005) to support their claim that Farmers must allege that "Farmers does not know who to pay because the rival claimants dispute who should receive the funds and so Farmers cannot pay one claim without risking another claimant making a demand for the same funds." The court in *Armistead* affirmed that, "[t]o state a claim for interpleader, the petition must contain allegations that: (1) two or more persons have claims against the plaintiff and (2) the claims are such that the plaintiff is, or may be, exposed to double or multiple liability." *Id.* at 817-18. *Armistead* does not support the claims of Respondents.

10

These arguments fail because they focus on the apportionment of the insurance fund, which is the second phase of an interpleader action. *See, e.g., General American Life Ins. Co.*, 567 S.W.2d at 346; *Amwest Sur. Ins. Co.*, 996 S.W.2d at 712. Respondents support their argument by citing to *Meredith v. Meredith*, 148 S.W.2d 611 (Mo. App. 1941), which states,

> The rule is well settled that an action of interpleader can only be sustained where it appears that a reasonable doubt exists as to which of the claimants to the fund is in the right. It is not sufficient to show that rival claims are made. It must also appear that the elements of a bona fide controversy exist between the rival claimants over the right to the fund or property in question; nor is it sufficient that the stakeholder merely establish that suits have been brought against him, or that suits have been threatened by different claimants to a fund or property held by him to the protection of a court of equity….

*Id.* at 618.

However, *Meredith* was decided prior to the enactment of Section 507.060. Multiple Missouri courts have since held that Section 507.060 "was intended to and did extend the remedy of interpleader." *Plaza Exp. Co.*, 280 S.W.2d at 24; *see also Smith v. Preis*, 396 S.W.2d 636, 639 (Mo. 1965); *General American Life Ins. Co.*, 567 S.W.2d at 344. Section 507.060 "prescribes virtually the sole test of whether or not a bill of interpleader will lie." *Plaza Exp. Co.*, 280 S.W.2d at 24 (quoting *John A. Moore & Co. v. McConkey*, 203 S.W.2d 512, 515 (Mo. App. 1947)). The plain and unambiguous language of Section 507.060 requires Farmers to state only two averments. *Id.* at 20-21. As we explain above, Farmers has properly pled those threshold requirements.[12]

---

[12] Respondents also argue that any potential bad faith claims are not relevant in determining whether Farmers is entitled to interpleader. Because Farmers' insured, Mason, is the only party who could potentially bring a bad faith claim against Farmers, and Mason is not a party to this appeal, we

11

Finally, Respondents argue that "the parties' failure to reach a settlement agreement is not a sufficient reason to justify an interpleader action." Respondents state that interpleader is intended to apply to funds, not "non-monetary settlement terms" in dispute. This, however, tells only half the story. Exhibits attached to Farmers' first amended petition indicate that Respondents were only willing to settle their claims for the total amount of $50,000 if Farmers signed an agreement that required Farmers to do much more than simply pay its Policy's limits, including a requirement that its insured, Mason, assign her potential bad faith claims to Respondents upon request, and submit to arbitration. Further, Respondents' offer of settlement included the requirement that Farmers pay its Policy limits and sign an agreement that did not release its insured. The funds and the "non-monetary settlement terms" are inextricably intertwined. Farmers declined these offers of settlement and was entitled to file a claim for interpleader.

## Conclusion

We reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

_____
W. DOUGLAS THOMSON, JUDGE

All concur.

---

need not and do not address Respondents' arguments regarding potential bad faith claims. *See Scottsdale Ins. Co. v. Addison Ins. Co.*, 448 S.W.3d 818, 829-30 (Mo. banc 2014) (holding "that the insurer may be liable to the insured when it breaches [its duty to act in good faith in settling claims].").